PATRICK O. BYRNE, Plaintiff in Error, v. ANDREW J. STOUT, Defendant in Error.

ERROR TO BOND.

Castrating a scrub hog running among other hogs, is not such proof of a change of property, as to be evidence of a conversion or appropriation of the hog by a party, to his own use.

THIS cause was heard before UNDERWOOD, Judge, at October term, 1853, of the Bond Circuit Court.

Byrne *v.* Stout.

The case is stated in the opinion of the court. The cause was, by consent of parties, transferred to the supreme court to be held in the second grand division, at Springfield.

J. & D. GILLESPIE, for plaintiff in error.

A. LINCOLN, for defendant in error.

SCATES, J. On the trial of an appeal in an action of trover and conversion, the defendant recovered a judgment for three dollars, and the refusal to grant a new trial is assigned for error.

To prove the conversion of the property, the defendant proved that he went to plaintiff's house, and the plaintiff not being at home, he told his wife that he had come for his hog. She answered that he had better not take the hog until her husband came home. He saw the hog that day in the pen with plaintiff's fatting hogs. He returned next day and demanded the hog, when plaintiff answered, that he did not believe the hog was his. Defendant's witness replied that it was defendant's, and he would swear to it; whereupon plaintiff told defendant to take the hog. When they went to the pen, the hog was not in it. Plaintiff told defendant, if he would wait an hour or so the hog would come up and he could get him; or if not, he would put him up when he did come; and if defendant would return in the morning, he could get him. When the hog came, plaintiff put him up, and defendant not returning, plaintiff sent him word that the hog was there, and he could get him; defendant replied, that plaintiff might bring him himself, if he wanted him to take the hog; that he had a hold upon plaintiff; that he intended to chastise him; that he would send plaintiff to the penitentiary, and would make him pay for the hog. There was some further proofs for defendant, that plaintiff had been heard hallooing to the dogs of the witness, to worry the hog, and that afterwards the hog was found dead. And this is in substance all the material evidence for defendant, shown by the record. Upon this proof, we are of opinion that the defendant wholly failed to show, either an unlawful taking, or an actual conversion. Castrating a scrub male hog running among one's stock, is not such proof of a change of property, as to be evidence of a conversion, or appropriation to plaintiff's use. But when we examine the evidence offered in defence, we are forced to the conclusion that plaintiff had been trespassed upon by the hog for two or three years, and had repeatedly tried without success, either to drive the hog away, or to keep him

either in, or outside his corn fields, and other inclosures. That the hog had been unmarked and ownerless for years; and he had at last determined to fatten him for a tenant's use, supposing him to have been left by a former tenant; defendant having disclaimed to plaintiff the ownership of the hog. Yet when he did set up the claim, he at once consented to let him take the hog. The proofs are so convincing to us, that there is no room left for argument, or application of principles of law. Even element of a conversion is wanting. There is neither an unlawful taking, an actual conversion to the use of plaintiff, or any other; nor is there a constructive conversion by refusal to deliver up the hog upon demand. Besides, there are very strong reasons from the whole evidence, to doubt the defendant's title to the hog. Judgment reversed, and cause remanded for *venire de novo.*

*Judgment reversed.*