| 6 | 65 |
|---|---|
| 43 | 214 |
| 6 | 65 |
| e69 | 537 |

</div>

---

### JESSE A. SHOAT v. THADDEUS H. WALKER.

1. TAX CERTIFICATE—*assignment of*, (*under former law*.) On the 18th day of June, 1864, the county treasurer of a county had no authority to assign a tax-sale certificate belonging to the county.

2. TAX DEED—*when void on its face.* A tax deed, which shows that the land intended to be conveyed thereby was sold to the county for delinquent taxes, and that the county treasurer, on the 18th of June, 1864, assigned the tax-sale certificate to the person to whom the deed was executed, is void upon its face.

3. LIMITATION, STATUTE OF—*when it will not run.* The statute of limitation will not run in favor of a tax deed, void upon its face, while the land intended to be conveyed by the tax deed remains vacant and unoccupied.

*Error from Lyon District Court.*

EJECTMENT, brought by defendant in error to recover the possession of one hundred and twenty acres of land. The petition alleges *Walker's* ownership and right of

possession, and states that defendant (*Shoat*,) "ever since the 26th of May, 1865, has unlawfully kept the plaintiff out of the possession of said premises by means of what purports to be a tax-deed," which tax deed has been duly recorded; and that "said premises are wild and uncultivated lands, and the defendant, nor any one under whom he claims, is not now, nor ever has been, in the actual possession of the same."

The answer admitted that plaintiff had been the "original owner" of the lands; that the same were wild and uncultivated, and that they had never been in the actual possession of any one; also, that defendant kept plaintiff out of possession "by virtue of a tax deed executed by the clerk of Lyon county to one Howard, under whom defendant claims title;" and that said deed "was duly recorded on the 26th of May, 1865, being more than two years prior to the commencement of this action, whereby the defendant claims the benefit of the statute of limitation." The tax deed is set out in full in the answer; and it appears thereby that the land in question was assessed in 1862; that the taxes for that year were not paid; that the county treasurer sold said lands May 5, 1863, for said taxes, etc., and struck off the same to the county of Lyon; "that the said county treasurer did, on the 18th day of June, 1864, duly assign the certificate of sale" of said lands to Joseph J. Howard, to whom the tax deed was issued May 26, 1865, by the county clerk. The deed was duly "acknowledged," but was not "witnessed." The "seal" used by the county clerk was that of the "Board of Commissioners of Lyon County."

The plaintiff demurred to the answer. The district court sustained the demurrer, and gave judgment for the

plaintiff. The defendant below excepted. The court then proceeded upon proofs offered by the defendant below, to assess the amount to which defendant was entitled by reason of payment of taxes, etc., and entered up a judgment of restitution in favor of plaintiff below, conditioned on his payment of the amount of taxes, etc., so found to have been paid. Defendant below brings the case here for review upon these facts.

*Almerin Gillett*, for plaintiff in error:

1. The tax deed is regular upon its face. It is duly acknowledged, and needs no witness.

The clause, "such deed duly witnessed and acknowledged," which occurs in § 10, ch. 198, Comp. L. 1862, is borrowed from the tax law of Wisconsin. Section 56, ch. 197, Comp. L., is a *verbatim* copy of § 25, ch. 22, laws of Wis., 1859, and is carried bodily into § 10, ch. 198, aforesaid. But the tax laws of Wisconsin do not state what number of witnesses a tax deed is required to have in order to be " duly witnessed," and the number can be determined only by reference to the general law regulating conveyances. Such general law of Wisconsin provides that " no deed for the conveyance of any land, or any interest therein, should be valid unless the same shall be executed in the presence of two witnesses." The tax law of Wisconsin is, by the courts of that state, construed by the light of their general statute on conveyancing. So, in this State, as our tax law does not designate the " number " of witnesses, we should turn to our general law on conveyancing; Comp. L., ch. 41, p. 354. That act does not require any instrument of conveyance to be witnessed. The words " duly witnessed," in the tax law, are merely surplusage; and by the common law

a deed that is *acknowledged* before a proper officer needs no witness.    4 Kent Com., 458; 4 Kas., 370.

2.    The deed is duly sealed by the county clerk.    He subscribes his name and affixes his official seal, to-wit, the seal of the board of county commissioners of Lyon county.    Comp. L., p. 413, § 21; and p. 418, § 46.    Also, 15 Wis., 448; 17 Wis., 578; 18 Wis., 59.    The cases of *Sturdevant v. Mather*, 20 Wis., 576, and *Eaton v. North*, id. 449, have no application to a deed executed in this state, where the form of tax deed is duly prescribed.

The rule of construction of tax deeds is, "that they stand or fall by the law under which the sale was made."

3.    The tax deed being regular upon its face, and being recorded more than two years prior to the commencement of this suit, draws to it the protection of the two-years statute of limitation.    Comp. L., ch. 198, § 11; *Knox v. Cleveland*, 13 Wis., 245; *Parish v. Eager*, 15 Wis., 532.

4.    But it is said that the tax deed is void upon its face, because it shows that the certificate of sale on which it is based was made to Lyon county, and assigned by the *county treasurer* to Howard, to whom the deed issued.

This objection to the tax deed, together with the ruling in *Guittard Tp. v. Commissioners of Marshall Co.*, reduces the inquiry here to this one question :    Can a tax deed issue on such a certificate at all ?    It cannot issue to the county, and can it to the *assignee* of the county ?

Section 42, p. 867, Comp. L., provides when lands shall be bid off for the county; by § 43 the county treasurer is to give certificates to purchasers other than the county ; by § 44 he is required to issue a certificate to the county " similar to that specified in the preceding section, which

.certificate shall be assignable *by the county treasurer* in like manner as those given to other purchasers; and such certificate shall be *subject to purchase by any person* offering to-pay therefor," etc.

The legal import of these provisions, considered in connection with the whole tax law, and the decisions of this court, 4 Kas., 388, 415; 1 Kas., 465, is, that the county has no appreciable interest in those certificates, but holds them, not as an owner, but for some particular purpose. There is no sale of these lands to the county. The whole matter is a sort of *fiction of legislation,* devised for the purpose of keeping the auction open after the sale-day has passed; and the assignee of the county is the only real actual purchaser, and is the purchaser referred to in § 10, ch. 198, to whom the county clerk must make a deed on presentation of the certificate.

*Ruggles & Plumb,* for defendant in error:

1. The tax deed under which the plaintiff in error claims title, is void. It is not in due form of law. Ch. 198, § 10, Comp. L. 1862, under which such deed was executed, provides that the county clerk shall execute " under his hand and seal, to the purchaser at the prior tax sale, a deed of land unredeemed, and acknowledge the same, which shall vest in the grantee an absolute estate in fee simple to such lands, subject, however, to all unpaid taxes, charges," etc. It is then further provided that " such deed, *duly witnessed and acknowledged,* shall be *prima facie* evidence of the regularity of such proceedings from the valuation of the land by the assessor, inclusive, up to the execution of the deed," etc. The deed in question here, is not witnessed at all; and there can be no doubt that it is only the deed which is

" duly *witnessed and acknowledged*," that becomes evidence of the regularity of previous proceedings. Not being the deed prescribed by law, it is void. *Lain v. Cook*, 15 Wis., 446 ; Black. on Tax Titles, 606, 607 ; Sedg. on St. and Cons. L., 244, 245, 246.

The case of *Guthrie v. Stebbins*, 4 Kas., 353, is relied upon by the plaintiff in error in support of his theory that witnesses are unnecessary. All that was necessary for the court to decide in that case was, that a tax deed not witnessed was good as a basis of adverse possession, and we take it that was all the court did decide. We take no issue with the decision in that case, which is a very different one from that now under consideration.

2. Nor is the deed in question under " the hand *and seal*" of the county clerk. The statute requires the clerk to execute it under " *his* hand and seal." *Not* his " seal of office "—*not* " his official seal." The seal of the county *board* is in no sense the seal of the county *clerk ;* nor has he the right to use it to authenticate any of his official acts, such as taking depositions and administering oaths. He can use it only to authenticate the acts of the county board. In issuing tax deeds, the county clerk acts wholly independent of the county board, and is in no sense under their control ; nor are they responsible for his acts of that character. True, he is the custodian of the seal of the board ; he is also the custodian of their records. But he has no right by virtue of such custody to use either seal or records for purposes of his own, independent of the board. *Eaton v. North*, 20 Wis., 449, is directly in point ; and the Wisconsin statute is identical with ours.

In Pennsylvania it was *held* that the county commissioners could not use the county seal to authenticate a

tax deed issued by them.   Black. on Tax Titles, 367, and cases there cited.

3.   The statute of limitations does not run in favor of a tax deed void on its face.   (*Moore v. Brown*, 4 McLean, 211; 11 Howard, U. S., 414.)   When a tax deed is void on its face, and there has been no *actual* possession under it, the statute of limitations does not run in its favor. *Lain v. Shepardson*, 18 Wis., 59.

4.   The tax deed herein relied on, shows that it was made on a certificate issued to Lyon county, and by the county assigned to one Joseph J. Howard, to whom the tax deed issued, and under whom the plaintiff in error claims.   This court held in *Guittard Township v. Commissioners of Marshall Co.*, 4 Kansas, 388, and in *State ex rel. Brumbaugh v. Magill*, 4 Kansas, 415, that a *county* holding a tax certificate could not take a deed thereon.   How can the *assignee of a county* take any greater or different interest in a tax certificate than the county itself had? In other words, can an assignor convey to an assignee greater rights than the assignor had?   It is a legal absurdity, (except in the case of commercial paper,) unless there is an express statutory provision to that effect; and we are unable to discover in the statute any such provision.   And this court, in the case of *Judd v. Driver*, 1 Kansas, 455, uses the following language: " The liabilities of the owner of the land are not increased by the change of ownership in the tax certificate."

Again, the assignment of the tax deed, in June, 1864, by the *county treasurer*, was void.   Under the law then in force, (Laws of 1864, chap. 37, sec. 9,) the *county clerk* alone could assign tax certificates issued to the county. The assignment being void, no valid deed could issue

thereon, as the legal title to the tax certificate remained in the county.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error, who was plaintiff in the court below, files his petition for the recovery of a certain piece of land. The defendant below answers, setting up a tax title to said land. The plaintiff demurs to the defendant's answer, on the ground that the answer does not state facts sufficient to constitute a defense to the plaintiff's action. The court sustains the demurrer, to which the defendant excepts, and brings the question here for review.

I. The defendant in his answer sets out the tax deed in full, and the objection to his answer is, that the tax deed appears upon its face to be void. The plaintiff below urges several reasons why he thinks the tax deed is void, some of which we regard as frivolous; but there is one objection to the tax deed which we think is good. It appears from the tax deed, that the land in dispute was sold on the 5th day of May, 1863, to the county of Lyon, for the taxes of the year 1862, and that on the 18*th day of June*, 1864, the tax-sale certificate, which had been issued to Lyon county for said land, was assigned by the *county treasurer* of Lyon county to one Joseph J. Howard. The tax deed was made to said Howard, and the defendant, Shoat, claims title under Howard. The objection to this tax deed is, that on the 18th day of June, 1864, the county treasurer had no authority to assign tax-sale ·certificates belonging to the county. Section 44 of the tax law of 1860, (Comp. L. 1862, p. 867,) which gave the county treasurer such authority, had, before that time, been

*(margin note:)* 1. Assignment of tax certificate in June, 1864, by Co. treasurer is void.

repealed.   Said section was repealed March 5th, 1864, (§ 12, ch. 37, 1864, p. 73.)   And on June 18th, 1864, the *county clerk* alone could assign tax-sale certificates belonging to the county; (§ 9, ch. 37, 1864, p. 73.)

This defect in the assignment of the tax-sale certificate is not a mere irregularity, but it is to all intents and purposes no assignment at all.   It is no better than if the probate judge, or the county attorney, or any other resident or non-resident of Lyon county, had made the assignment.   Under said section nine, no assignment of such a certificate has any validity, except an assignment made by the county clerk.   The assignment being void, the tax deed made upon such an assignment is also void.

2. ——And deed which shows such assignment, is void on its face.

II.   The tax deed was recorded May 26th, 1865; and this action was commenced August 16th, 1869.   The tax-deed having been recorded more than two years before this action was commenced, the question arises, whether the plaintiff's action is barred by the two-years statute of limitations? or, in other words, whether the said statute of limitations will run on a tax deed void upon its face?   We do not think that a tax deed, void upon its face, is sufficient to set the statute of limitations in operation, so as to bar an action for the recovery of the land in two years.   *Moore v. Brown*, 4 McLean, 211; 11 Howard, 414; *Lain v. Shepardson*, 18 Wis., 59.   And bearing upon the same point, see also, *Irving v. Brownell*, 12 Ill., 402; *Rawlings v. Bailey*, 15 Ill., 180; *Bowman v. Wettigg*, 39 Ill., 428; *Swope v. Purdy*, 2 Western Jurist, 168.

3. STATUTE OF LIMITATIONS does not run in favor of tax deed void on its face.

It is admitted in the answer, in this case, that the land in controversy is wild and uncultivated, and has never been in the actual possession of any person.

A tax deed to be sufficient when recorded to set the statute of limitation in operation, must of itself be *prima facie* evidence of title. It is not necessary that the deed be absolutely good, under all circumstances. It is not necessary that it be sufficient to withstand all evidence that may be brought against it to show that it is bad. But it must appear to be good upon its face; it must be a deed that would be good if not attacked by evidence *aliunde*. When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitation can then be brought in to aid its validity. The party accepting it, and claiming under it, has full notice of its illegality, and must abide the consequences of such illegality. He has no reason to complain.

We will pass over the other questions raised in this case, as they will not probably be raised again. It is not probable that the defendant below can, in fact, so amend his answer as to avoid the objection to his tax deed already considered and decided. The judgment of the court below is affirmed.

All the Justices concurring.