## Case No. 13,705.

### SWOPE v. SAINE.

[1 Dill. 416.] 1

Circuit Court, D. Kansas. 1871.

TAXATION—TAX DEEDS—LIMITATION OF ACTIONS.

Where the county clerk assigned without authority of law, a tax sale certificate, and the tax deed was made to the assignee, the same is void on its face, and under the decisions of the supreme court of Kansas, will not support the two years limitation statute applicable to suits to recover lands sold for taxes, no possession having been taken under the deed.

[Cited in brief in Hannibal & St. J. R. Co. v. Clark, 68 Mo. 372.]

Ejectment. The plaintiff showed title in himself by regular conveyances from the patentee. The defendant relied on a tax deed dated January 14, 1865; recorded January 16, 1865 (which was more than two years before suit was brought), reciting a sale for taxes made at an adjourned sale, January 8, 1862, for the taxes of 1860, and upon the two year limitation statute, which is as follows: "Any suit * * * for the recovery of lands sold for taxes, except, &c., shall be commenced within two years from the time of recording the tax deed, and not thereafter." Comp. Laws 1862, § 11. The tax deed recited that the property was sold at an adjourned sale on January 8, 1862, and was bid in by the county treasurer and certificate assigned in June, 1864, by the county clerk; and the tax deed was made to the

assignee. The defendant offered the tax deed in evidence, and the plaintiff objected, for that it was void on its face, because (1) there was no authority to sell at any time except on the 1st day of January, 1862, or on the first Tuesday in May of that year, while here the sale was made on the 8th day of January; (2) the county clerk had no authority in June, 1864, to assign certificates of sales made in 1862.

Martin, Burns & Case, for plaintiff.
Mr. Merrill, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

PER CURIAM. The court is inclined against the first objection to the deed, and to hold that the effect of the act of 1861 (Laws 1861, p. 286) was to authorize sales to be made on the 1st day of January, 1862, and on ensuing days by adjournments duly made.

But without deciding this question, the court holds that under the act of March 1, 1864 (Laws 1864, p. 70, §§ 9, 12), the county clerk had no right in June, 1864, to assign the tax certificate of a sale made in 1862, that the assignment was null, and the tax deed made to the assignee was void on its face, and under the decision of the supreme court of Kansas (which this court is bound to follow), it "is insufficient to set the statute of limitations in operation, so as to bar an action for the recovery of the land, in two years." Shoat v. Walker [6 Kan. 65] June term, 1870.

There was no evidence of any actual possession taken, or held, under the tax deed. The tax deed was excluded, and the plaintiff had judgment. Judgment for the plaintiff.