## P. L. HUBBARD v. CHARLES W. JOHNSON.

TAX DEED — *When Void on its Face; Statute of Limitations.* A tax deed which does not show that the land it purports to convey was sold for delinquent taxes, is void upon its face; and where the holder of such a tax deed has never been in the actual possession of the property which the deed purports to convey, the two-years statute of limitations will not run so as to bar an action brought for the purpose of having the deed declared void.

*Error from Brown District Court.*

ACTION brought by *Johnson* to annul and cancel a tax deed issued by the county clerk of Brown county July 10th, 1867, purporting to be for taxes assessed for the year 1864. Said deed was recorded July 19th 1867, and the action below was commenced July 17th 1870. The deed recites that the land "*could not be sold*," that it was "bid off by H. P. Stebbins," that said Stebbins assigned "the certificate of sale" to Geo. J. Stebbins and Wm. R. Stebbins. The tax deed was made to said assignees, and the plaintiff in error, defendant below, is their grantee. The case was tried at the October Term 1870. The land was vacant and unoccupied until shortly before this action was commenced, when *Johnson* took possession, claiming to own the same. The district court held that the tax deed was "null and void, and of no force or virtue to vest any title or interest in or to said described lands" in defendant below, and gave judgment accordingly, and *Hubbard* brings the case here on error.

*P. L. Hubbard,* plaintiff in error, *in pro. per.:*

1. The action to test the validity of this tax deed is barred by the statute. Gen. Stat., ch. 107, § 116, p. 1057. The land was unoccupied for three years before this suit was commenced, and therefore constructively in possession of plaintiff in error. 13 Wis., 245.

2. The land was taxable. It was entered in 1857, and subject to taxation from that time. It was assessed and taxed in 1863, and the taxes were not paid. It was for these taxes that the tax deed was issued to Stebbins.

3. The tax deed is substance and effect in the form required by law. The only thing complained of is, that it is stated therein that said land could not be sold for said amount of taxes and charges thereon in any *parcel or parcels*, (or piece or pieces;) and in failing to sell the same in any parcel or parcels, he sold the land. That is, the *whole* land was sold to Stebbins for the whole amount of taxes and charges due thereon at the time of the sale. This is the proper construction, and sufficiently shows a sale. The whole deed must be construed together.

*W. W. Guthrie*, for defendant in error:

1. The tax deed under which Hubbard claims, is *void* upon its face, and not the subject of operation of statute of limitation in any case. The law of *stricti juris* applies to plaintiff's claim of title. The sale was in 1865, under ch. 197, p. 866, Comp. Laws 1862. See §§ 36, 40, 42. Plaintiff's deed shows that *no sale* could be made under § 40, and that the land was struck off in spite of the law to Stebbins without a bid. The deed gives no " description of the property sold " under § 10; nor did Stebbins pay anything.

2. If the tax deed is void there can be no constructive possession under it.

The opinion of the court was delivered by

VALENTINE, J.: The main question in this case is, whether a certain tax deed is valid or not. One of the principal objections urged against the tax deed is, that it shows upon its face that the land for which the tax deed was executed was not sold for delinquent taxes. A portion of the deed reads as follows:

"Whereas, at the time and place aforesaid the said real property above described could not be sold for the amount of said taxes, penalty and charges thereon, to any person or persons, in any parcel or parcels, at said public sale, or any adjourned sale thereof, the said lands above described were bid off by H. P. Stebbins, of Brown county, state of Kansas, for the sum of twelve dollars and ninety-six cents, being

the whole amount of taxes, interest and costs then due and remaining unpaid on said real property."

The deed does not anywhere show that said Stebbins, or any person for him, paid the said sum for which said land was bid off. This is required to be shown in the tax deed. (Comp. Laws, 878.) The date of this supposed sale is May 2, 1865. This land may have been sold for said taxes, but the deed does not show it. The deed is therefore not in substantial conformity with the form of the tax deed given in the statutes. The statute requires that the deed shall show that there was a sale, and that the purchase-money was paid; hence if the deed does not show the same it must be presumed that there was no sale, and that the purchase-money was not paid. And if there was no sale, the deed would of course be void. From the language of the deed the inference might be drawn that Stebbins bid off the land for the said taxes, etc., but that he did not pay the purchase-money, and therefore that the treasurer chose to treat the bid as canceled, and the supposed sale as no sale at all. (Comp. Laws, 867, § 41.) But if this inference cannot be drawn from the language of the deed, then the deed is contradictory in its statements, and we do not know which statement to believe. We cannot say from such contradictory statements whether there was a sale or not. It is true, that a tax deed need not follow the exact form prescribed by the statute. It is true, that it need not use the exact language of the statute. It is true, that there may be immaterial matters prescribed by the statute which may be omitted in the tax deed without invalidating the same. But whether there was a sale or not is a matter of vital importance which cannot be dispensed with, and the tax deed must affirmatively show that there was a sale. This deed does not show affirmatively that there was a sale, and therefore the deed is void upon its face.

This property seems to have been vacant and unoccupied from the time of the recording of the tax deed, which was July 19th, 1867, up to June 1870, when the plaintiff below, Johnson, took possession of the same. It is certainly true

that the holder of the tax deed never had actual possession of the property. Therefore, according to the decisions heretofore rendered by this court, the two-years statute of limitations has not run in favor of said tax deed. *Shoat v. Walker*, 6 Kas., 65; *Sapp v. Morrill*, 8 Kas., 677.

We have now decided all there is of substance in this case. Therefore the question whether the demurrer to the second and fourth defenses set up in the defendant's answer was rightfully or wrongfully sustained, does not necessarily require any examination by this court. We would say, however, that the answer of the defendant is defective in the same manner that the said tax deed is defective. It does not anywhere allege that the property *was sold* for delinquent taxes. The judgment of the court below is affirmed.

All the Justices concurring.