#### OF THE

## STATE OF WASHINGTON,

##### AT THE

## OCTOBER SESSION, 1891.

[No. 207. Decided October 14, 1891.]

GEORGE P. HURD, *Appellant*, v. HENRY BRISNER AND R. L. HAWTHORNE, *Respondents.*

TAX DEEDS—PRESUMPTION OF REGULARITY—BURDEN OF PROOF—
STATUTE OF LIMITATIONS.

Although § 40 of the Laws 1871, p. 36, makes a tax deed presumptive evidence of the regularity of all prior proceedings, and places the burden of showing irregularities upon the owner in an action by the tax purchaser to recover possession and quiet title, yet when it is shown that the original assessment roll is not in the office of the county auditor, the proper custodian thereof, the presumption of regularity is overthrown, and the burden devolves upon the purchaser at tax sale to explain its absence.

Where a sale of land for taxes is void, the statute of limitations cannot be invoked by the holder of the tax title.

*Appeal from Superior Court, King County.*

Action by George P. Hurd to recover possession of, and quiet title to, certain lots in the city of Seattle which had been purchased at tax sale in 1876 by plaintiff's grantor. The action was brought against Henry Brisner, who answered alleging his possession as tenant of R. L. Hawthorne. Said Hawthorne was, upon application, made de-

fendant in place of Brisner, the tenant. Trial by the court and judgment for defendant, whereupon plaintiff appeals.

*Ronald & Piles*, for appellant:

Production of tax deed makes out *prima facie* case, and is presumptive of the existence and legality of assessment and all antecedent steps. Black on Tax Titles, §§ 217, 225, 250, 251, 254, 257, 259; *Pillow v. Roberts*, 13 How. 473; *Callanan v. Hurley*, 93 U. S. 387; *Keely v. Sanders*, 99 U. S. 441; *Sherry v. McKinley*, 99 U. S. 496; *De Treville v. Smalls*, 98 U. S. 517; *Bullis v. Marsh*, 56 Iowa, 749; *Smith v. Sherry*, 54 Wis. 114; *Mundee v. Freeman*, 23 Fla. 529; *Eldridge v. Kuehl*, 27 Iowa, 160; *Shawler v. Johnson*, 52 Iowa, 472; *O'Grady v. Barnhisel*, 23 Cal. 287; *Huntington v. C. P. R. R. Co.*, 2 Sawy. 513; *Taylor v. Wright*, 121 Ill. 455; *Woodward v. Sloan*, 27 Ohio St. 592; *Stark v. Shupp*, 112 Pa. St. 399; *Brown v. Goodwin*, 75 N. Y. 414; *Hart v. Smith*, 44 Wis. 213; *Thomas v. Lawson*, 21 How. 331; *Raley v. Guinn*, 76 Mo. 263.

The evidence sufficient to shift the burden back upon the tax title claimant must be such as to exclude any reasonable presumption of regularity. It is not enough to prove facts from which irregularity may be inferred. Black on Tax Titles, § 254; 2 Blackwell on Tax Titles, p. 1125, note 4; *Lacey v. Davis*, 4 Mich. 140; 66 Am. Dec. 524; *Sams v. King*, 18 Fla. 557. The report of the delinquent list by the sheriff is evidence of a demand, though the return is silent as to whether the demand was or was not made. *Taylor v. People*, 7 Ill. 349; *Job v. Tebbetts*, 10 Ill. 376, 382; *Lewis v. Disher*, 25 Wis. 441; *Spellman v. Curtenius*, 12 Ill. 409. Even where the deed is not made *prima facie* evidence, it is the presumption of law that the assessors made an assessment and the collectors did their duty. *Allen v. Robinson*, 3 Bibb, 326; *Bodley v. Hord*, 2 A. K. Marsh, 244; *Currie v. Fowler*, 5 J. J. Marsh, 145; *Morton*

*v. Waring,* 18 B. Mon. 72; *Powell v. Brown,* 1 Tyler, 285; *Parker v. Bixby,* 2 Tyler, 466; *Hall v. Collins,* 4 Vt. 316.

*Stott, Boise & Stott,* and *Crockett, Brown & Fortson,* for respondents:

The assessment roll not being found in the keeping of the officer charged with its custody, the presumption arises that no such roll was ever in existence. *Hall v. Kellogg,* 16 Mich. 135; *Early v. Whittingham,* 43 Iowa, 162; *Moore v. Cooke,* 40 Iowa, 290. Whenever the evidence of an irregularity is such as to require explanation, the burden of proof is thrown upon the holder of the tax deed. Black on Tax Titles, § 254; *Case v. Dean,* 16 Mich. 11; *Rayburn v. Kuhl,* 10 Iowa, 92; *Moore v. Cooke,* 40 Iowa, 290. Where there is no record of the tax levy or sale, the *prima facie* title made by the deed is overcome, and the burden of proof is on the party, claiming under the tax deed. *Long v. Burnett,* 13 Iowa, 28; 81 Am. Dec. 420. The tax deed is overthrown when it is shown that no sufficient demand was ever made for the taxes. Black on Tax Titles, §§ 77, 260; *Lathrop v. Howley,* 50 Iowa, 39; *Langdon v. Stewart,* 142 Mass. 576; *St. Anthony Falls, etc., Co. v. Greely,* 11 Minn. 321. A demand for the taxes was necessary under the statute. Laws 1871, ch. 4, §§ 32, 33.

More lapse of time will not bar a party of his remedy against an illegal tax, where the purchaser does not take possession of the land, though the deed is good upon its face and the purchaser has paid all subsequent taxes. *Parr v. Matthews,* 50 Ark. 390; *Telfener v. Dillard,* 70 Tex. 139. Where the records do not show an assessment, the statute of limitations does not apply. *Early v. Whittingham,* 43 Iowa, 162. Unless there was a valid sale of the land, the statute of limitations cannot be invoked by the holder of the tax title. *Davenport v. Knox,* 34 La. Ann. 407; *Patton v. Luther,* 47 Iowa, 236; *Gomer v. Chaffee,*

6 Col. 314; *Hubbard v. Johnson,* 9 Kan. 632; Black on Tax Titles, §§ 283, 284.

The opinion of the court was delivered by

DUNBAR, J.—The judgment in this action was based on the following facts found by the court: (1) That the original assessment roll for the year 1875 is not in the office of the county auditor of King county, and there is no testimony offered to explain the absence of said original assessment roll. (2) That there is no record or evidence showing that the sheriff demanded payment of the persons chargeable in the transcript certified to him by the county auditor.

At common law the burden of proof as between the owner and purchaser is upon the tax purchaser to show that all the provisions of the law in relation to the proceedings on which his claim is based have been strictly complied with. He must give some evidence, the best he can, of every fact the existence of which is necessary to establish his right. The recitals in the deed are no evidence at all of the truth of what is recited. It is the duty of the purchaser to secure and preserve the evidence of his rights, and he cannot complain of losing them if he neglect so clear a precaution. Blackwell on Tax Titles, § 1120. To what extent the presumptions of the common law have been changed by our statutes, is the main question here. Sec. 40 of the Laws of 1871, p. 48, which was in force at the date of this sale, provides that a tax deed shall be presumptive evidence of the regularity of all former proceedings. Thus it will be seen that the burden of showing the irregularities are shifted to the owner. In this case the court finds, and the finding seems to be warranted by the testimony, that the original assessment roll on which this identical tax was based was not in the office of the county auditor of the county in which the land taxed is situated. The validity of the tax depends upon the assessment, and

the assessment can only be shown by the assessment roll; it is upon this roll that the county commissioners based their calculations in levying the tax.   Laws 1869, p. 184, §§ 25 and 26.

The auditor is the proper custodian of the assessment roll, and when it appears that the original assessment roll is not in the auditor's office, in our judgment the presumption of the regularity is overthrown and the burden devolves upon the purchaser to explain its absence.

In speaking of this kind of a case under a statute similar to ours, Mr. Black, in his work on Tax Titles, § 254, says:

"If he shall succeed in making out a *prima facie* case against the tax title, he will have shifted the burden of proof in respect to the points so singled out for attack, back to the purchaser. . . . 'The evidence of irregularity must be such as to require explanation or counter proof, and must be of matters which are peremptory and not directory, and that it is not sufficient to cast a general doubt over the title, but that it is necessary to point out some specific defect or raise a reasonable presumption against the sufficiency of some particular act, or of the non-performance of some necessary duty.'"

It is not disputed that the making of the assessment roll is a peremptory duty under the law.   It is the initial step, the foundation of the whole system of taxation under our statutes.   See chap. 3, Laws 1871, p. 40, on the manner of making assessments.   If this roll is not found in the office of the person charged with its custody, it is sufficient evidence of irregularity to require an explanation.   If it has ever been there and is gone, there must be some explanation that can be given for its absence.   In the absence of such explanation the presumption must be that it was never there.   On any other theory it would be impossible to make any defense against an irregularity of this kind. In support of this view we cite *Lacey v. Davis*, 4 Mich.

140, 66 Am. Dec. 524; *Case v. Dean*, 16 Mich. 12; *Auditor v. Jackson Co.*, 65 Ala. 142, and many other cases.

In fact we are unable to find an authority holding to the contrary, where the irregularity shown was a fundamental requisition and not merely some directory proceeding; excepting possibly *Sams v. King*, 18 Fla. 557, where it is held that it is not sufficient to prove facts from which irregularities may be inferred. In addition to this, it is said (Black on Tax Titles, § 254) that notwithstanding the fact that there may be a statute making a tax deed presumptive evidence of the regularity of the proceeding, if the holder of such a deed goes into proof of the steps necessary to make the same valid, he will be deemed to have waived the benefit of the presumption in favor of the deed.

Many propositions are urged and authorities cited in their support by appellant which are readily conceded by the court, and which do not affect in our judgment the true issues involved in this case. Secs. 2936–37 of the code are not in point, as they were not in force at the time of the sale, even conceding the constitutionality of the latter section.

If the sale was void, which we think it was, none of the claims made by the appellant under the statute of limitations are good. Without analyzing the deed in question or entering into any discussion, as so many courts are inclined to do, on the policy of the laws regulating tax titles and the difficulties of obtaining such titles, but construing the law in harmony with the great weight of authority, we find no error of the court below.

Judgment is affirmed.

HOYT, STILES and SCOTT, JJ., concur.

ANDERS, C. J., concurs in the result.