[No. 1380.  Decided January 8, 1895.]

ELIZABETH McINERNEY, *Appellant, v.* JACOB BECK ET AL., *Respondents.*

EJECTMENT—TITLE OF PLAINTIFF—TITLE BY QUITCLAIM DEED—DEED TO DECEDENT'S ESTATE—ADVERSE POSSESSION—EVIDENCE—RIGHT OF DEFENDANT TO RECOVER TAXES PAID.

Proof by plaintiff in an action of ejectment showing a perfect claim of title from the government to her husband, that he was dead,

that plaintiff was his wife, that her husband had no other heirs living, and that there were no unpaid debts owing by his estate, is sufficient to establish a title in herself.

If the grantor has title to land, a quitclaim deed is as effectual as a warranty deed in conveying the title.

A tax deed executed to a decedent's estate is void for want of a grantee.

Adverse possession cannot be established by proof of a general understanding in the community that the property was reputed to belong to the claimant or his grantors, in the absence of testimony showing that the claimant had ever exercised any acts of ownership over it.

One in possession of land under color of title, who has resided thereon in good faith, is entitled on ejectment therefrom to recover taxes and street improvement assessments paid by him, when the owner has stood by and allowed the property to be so benefited without asserting title as against the occupant, and, under Code Proc., § 534, may set off the value of improvements against the rental value.

*Appeal from Superior Court, Whatcom County.*

*Bruce, Brown & Cleveland,* for appellant.

*J. J. Weisenberger* and *J. R. Crites,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This was an action in ejectment brought by the appellant, Elizabeth McInerney, against the respondents, Jacob Beck and Mary Beck, claiming that the appellant is the owner of and entitled to a certain lot or parcel of ground situated in the city of Whatcom. Her claim is based on the fact that her husband purchased this property and received a deed to it during their coverture; that her husband is dead and that she is the only heir; that he left no issue, that is, at the time he died he had no children living, and also at the time of his death he had no parents living; and in the amended complaint alleges that there are no debts due from the deceased or his estate; and asks for the possession of the property.

The answer of the defendants is a denial that Mrs. Mc-

Inerney is the owner of the land, or that she is the only heir of John McInerney ; and sets up title in the name of Mary Beck, claiming that the said Mary Beck has been in open, adverse and notorious possession of said property, she and her grantors, for more than twenty years prior to the commencement of this action. The answer admits that John McInerney was the owner at one time of this property ; that he held the same under a deed ; but claims that any right or interest that he might have had in this property has been barred by the statute of limitations.

Outside of the adverse possession, defendants claim through a tax deed to one Abner Dunn, from the administrator of the estate of Dunn to one Pierson, from Pierson to Whatcom county, and from Whatcom county to respondents. On these issues the case went to trial, and the jury found that the appellant at no time had been, and was not, entitled to the possession of the land in dispute. Judgment was rendered in accordance with the verdict, and the case was brought here on appeal.

We do not comprehend how this verdict could have been reached under the testimony in this case. The plaintiff proved a straight title from the United States to Russell V. Peabody, from Russell V. Peabody to John E. Peabody, and a power of attorney from John E. Peabody to Russell V. Peabody, a deed from John E. Peabody to A. M. Poe, and a deed from A. M. Poe to John McInerney. Some objection was made by the respondents to the introduction of the deed from Poe, because it was a quit-claim deed. This objection is not at all tenable. A quit-claim deed is as good as any other deed, if the grantor had the title to convey, and if he did not have the title to convey, as between other claimants, the warranty would not amount to anything. There is no question but that proof was absolutely convincing that the appellant was the wife of McInerney, and that McInerney was dead, and that there were no other heirs of McInerney living. Nor do we see anything inconsistent in the statements made by Mrs. McInerney in the proof of her title.

It is true that it is only the testimony of one witness, but it is straightforward, consistent and absolutely undisputed, and a jury would have no right to disregard it.

The only questions left, then, for the determination of the jury were two, the first of which is whether the the tax deed under which respondents claim was sufficient to convey title. We think that under the ruling of this court in *Hurd v. Brisner*, 3 Wash. 1 (28 Pac. 371; 28 Am. St. Rep. 17), the deed was absolutely void. But in addition to this objection there was no grantee to this deed. The deed ran to "Abner Dunn, Deceased, Estate." The deed should have been made to the executor or administrator, as the case might be, of the estate of Abner Dunn, deceased. The executor or administrator is the legal representative of the deceased, and the estate is something that cannot be recognized at all as a party to a contract. We think it is hardly worth while to pursue this question further.

The only remaining question, under the issues in this case, is, had the respondents or their grantors been in possession of the land in dispute for twenty years prior to the commencement of this action? If they had, and their possession had been open, notorious and adverse to the interests of the appellant, then she would be barred from prosecuting this claim. But there is no evidence in this case to sustain the verdict upon this hypothesis. It is not a case of conflict of testimony, but upon the affirmative testimony of the defendants the possession was not proven. All that was proven was a general understanding in the community that the property in dispute was the property of Pierson. There was no testimony that he had ever exercised any acts of ownership over it whatever. It is true that in the early days in the history of this country, and especially in that locality, it would not have taken a great deal to have established possession. But there must be something more than the mere fact that a person went and looked at a particular piece of land. This is about all that we can find in this record, and it is absolutely insufficient to sustain the claim of adverse possession.

For this reason the judgment must be reversed and the cause remanded with instructions to grant the prayer of the complaint, with this modification, however: It appears from this record that these respondents bought this land in good faith, went on it, made a *bona fide* residence, and in good faith made valuable improvements to the extent of several thousand dollars; that the property has been thereby benefited; that they have paid quite a large sum in taxes and for the improvement of streets.   And we do not think it would be equitable to allow the appellant to stand back and not assert her claim while all these improvements were being made for her benefit, and now demand possession of the land with its value thus enhanced, without recompensing the respondents in this particular.   And in the absence of a statute we should be inclined to allow the defendants the value of the improvements over and above the rental value, during the time of the detention of the land, as a counterclaim, but § 534 of the Code of Procedure seems to indicate that the value of the improvements shall only be allowed as a set-off against damages for detention, and that such damages can only be recovered for withholding the property for the term of six years next preceding the commencement of the action.   This restriction, however, does not apply to taxes or street grade assessments.   We are fully convinced from the record that the improvements placed upon the land are at least equal to the rental value of the same, but as the case was decided on the theory that the respondents were entitled to the possession of the land, there is no finding on the amount of taxes or street grade assessments paid by the respondents since they have been in possession of the same. So that upon the return of this case the court will proceed to investigate and determine that question, and the amount so found to have been paid by the respondents, with legal interest from the date of such payments, shall be declared to be a lien on the land for its payment, and if the same is not paid within 90 days from the judgment, so declaring it to be a

lien, in the court below, the respondents will be entitled to sell the land for the payment of the same.

HOYT and STILES, JJ., concur.