## E. J. Keller v. S. C. Hawk.

(Filed September 5, 1907.)

(91 Pac. 778.)

1. TAXATION—Real Estate—Sale for Taxes—Void Deed. ·When a tax deed shows on its face that several lots in a town were sold at one sale, and that the county purchased them as a competitive bidder, the deed is void. While the county treasurer has the right, under the law, to issue a second tax deed for the purpose of curing defects in the first, such authority cannot be exercised to overcome, by false recitations in such second deed, the record upon which it is based.

2. SAME—Tax Certificate—Force of Recitations. A tax certificate, under the law, does not pass title to the land sold. It is a written certification by the county treasurer of the facts regarding the sale of real estate for taxes, and is the legal evidence upon which the holder thereof is, at the proper time, entitled to a deed, or the redemption money. It is prima facie evidence of the correctness of the facts recited therein, and, being made by the treasurer at or near the time of sale, where the recitations thereof are in conflict with the recitations of the tax deed based thereon, the recitations of the tax deed will prevail.

3.    **SAME—Sale—County as Purchaser.**   Where a county purchases real estate at a tax sale as a competitive bidder, the sale is void, and a tax certificate or tax deed which recites such fact or other facts from which such competition is necessarily disclosed, is void.

4.    **SAME—Sale of Each City Lot Separately.**   Each lot in a city or town must be assessed and sold separately, and, where a tax certificate or deed shows upon its face that several lots were sold together in one sale, such certificate or deed is void.

5.    **SAME—Action to Try Title—Tender of Taxes Paid.**   Where one purchases real estate at a tax sale, and goes into possession of the same under a void sale and deed, and the original owner brings an action in ejectment to recover possession, he is not required, as a condition precedent to bringing the action, to tender to the tax deed holder the amount of taxes paid by him.

6.    **ADVERSE POSSESSION—Evidence—Void Tax Deed.**   A tax deed which is void upon its face is not admissible in evidence to support an adverse possession under a statute of limitations. A tax deed which is void upon its face cannot be aided by the statute of limitations.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before Clinton F. Irwin, Trial Judge.*

Affirmed.

*C. L. Botsford,* for plaintiff in error.

*J. W. Hocker,* for defendant in error.

Opinion of the court by

BURWELL, J.:   The appellee, S. C. Hawk, was the owner of lots numbered seventeen to thirty-two, inclusive, in block numbered eleven, in the town of Lexington, in Cleveland county. These lots were sold for taxes and bid in by the county. The county sold the certificate of purchase to the appellee, E. J. Keller, who, on December 24, 1898, obtained a tax deed for the same and went into possession of the lots. On October 30, 1900, the appellee commenced this action in ejectment. The appellant answered, denying generally the allegations of the petition, and then affirmatively pleaded his tax deed. On the final trial judg-

ment was rendered for S. C. Hawk, and Keller appeals to this court.

On December 24, 1898, the county treasurer made to Keller a tax deed, but this deed showed upon its face that all of these lots were sold together, that the county bought them as a competitive bidder, and that the sale was made at the door of the court house. Recognizing that this deed was void, Keller, on November 13, 1900, obtained from the county treasurer another deed, which recited that there were no bidders other than the county; that the lots were sold separately (giving the amount for which each sold), and that the sale took place at the treasurer's office. This second tax deed was obtained after the commencement of this action. This fact, however, is not considered by us in deciding the case.

The certificate of sale was issued by R. Aniol, who was county treasurer and who made the sale. The first deed was executed by him also, and its recitations are in harmony with the tax certificate. The second deed was executed by J. W. Stow, who was elected in the place of Mr. Aniol, and took charge of the office at the end of Mr. Aniol's term. The tax certificate, under the law, does not pass title to the land sold. It is a written certification by the county treasurer of the facts regarding the sale of real estate for taxes, and is the legal evidence upon which the holder thereof is, at the proper time, entitled to a deed, or the redemption money. It is *prima facie* evidence of the correctness of the facts recited therein. These certificates are made out by the treasurer while the facts are fresh, and when there is slight probability of error of memory. And, where there is no other evidence offered as to what actually occurred at a sale, the recitations of the tax certificate will prevail over conflicting recitations in a deed executed by another treasurer some four years after the sale occurred, when the recitations in the tax certificate show that the treasurer had no legal authority to execute the deed. It is true, perhaps, that, if there were a discrepancy between the

records of the treasurer's office and the recitations in the tax certificate, the former will prevail; but in this case the facts, as recited in the tax certificate, are not controverted. The validity of the deed depends upon the validity of the proceedings leading up to it. If those proceedings are void, the deed is void also. The only evidence offered on the trial as to what was actually done is the tax certificate and portions of the record which are not in conflict. The tax certificate recites that these lots in question were purchased by the county, it "being the highest and best bidder," and this court has held that such recitation shows that the county was a competitive bidder, and, if so, the deed is void. *Hanenratt v. Hamil,* 10 Okla. 219, 61 Pac. 1050. And under the rule announced in the case of *Wilson v. Wood,* 10 Okla. 279, 61 Pac. 1045, the recitations of a tax deed do not overcome facts in conflict therewith, as shown by the tax certificate. In this last case the court expressly held the recitations of a tax deed might be contradicted by one claiming adversely to it. The tax certificate also shows that these lots were sold at one sale for eight dollars and seventy-three cents. This alone would render the sale void. Each lot in a city or town should be assessed and sold separately, and, while more than one lot may be included in the same deed, the deed must affirmatively show the amount for which each lot sold. *Frazier v. Prince,* 8 Okla. 253, 58 Pac. 751; *Lowenstein v. Sexton,* 18 Okla. 322, 90 Pac. 410; *Eldridge v. Robertson et al.,* reported in this volume, 92 Pac. 156.

The contention that, when a deed is defective, another deed may be issued to conform to the facts, adds nothing in favor of the appellant. The second deed should conform to the facts, and it is said in 27 Cyc. 963 that "the authority [to issue a second deed] cannot be exercised to overthrow by false recitals in a deed the records upon which it is based." That is exactly the effect of the second deed in this case. The recitals therein, when compared with the record, are false. It is also suggested by counsel for the appellant that the appellee, plaintiff below, never tendered

the taxes to the appellant. No tender was necessary. As we have heretofore said, the tax deed was void. The United States circuit court of appeals for the Eighth circuit, in the case of *Paine v. Germantown Trust Co.*, 136 U. S. 527, said: "Where a tax sale of land is void, the payment of the taxes by the purchaser was the act of a mere volunteer, so that the landowner was not bound to pay the taxes, and interest, so paid by such purchaser, as a condition to his right to have the purchaser's certificates and deeds vacated." The supreme court of Kansas had occasion to consider the question in the case of *West v. Cameron*, (Kan.) 18 Pac. 894. That case, like this one, was a suit in ejectment. The court said: "In an action of ejectment, when it appears that the plaintiff is the owner of the property, and that the defendant holds the same under a void or voidable tax deed, as in this case, the plaintiff's action cannot be defeated by showing that the plaintiff has not tendered the amount of the taxes paid by the defendant on the land"—citing authorities. The above rule should apply in this case, especially in view of the fact that the plaintiff tendered the taxes to the treasurer and they were refused. The court, however, as a condition precedent to giving possession to the appellee, required him, in the judgment, to pay the taxes.

The appellant also insists that the action of appellee was barred by the statute of limitations, by reason of it not having been commenced within the statute after the first deed was recorded. The first deed was void upon its face. Therefore the statute of limitations did not run against it. There is apparently some conflict in the decisions upon this point, but an examination of some of these cases will show that the courts rendering them failed to distinguish between a deed which is void upon its face and one which appears upon its face to be regular, but may be defeated by reason of the irregularity of the prerequisite steps, or total failure to perform some necessary duty named in the statute as the basis for a tax deed. The supreme court of the United

States, in the case of *Redfield v. Parks*, 132 U. S. 239, in an opinion prepared by Mr. Justice Miller, reviews the authorities, and in positive language declares that the statute of limitations cannot be invoked in aid of a tax deed which is void upon its face. The court considered the statutes of Arkansas, which were equally as favorable to a purchaser at a tax sale as our own. Finally the court said:

"We do not discover in the statute of Arkansas, nor in the decisions of its courts cited by counsel for defendant, anything to contravene these views, and we think that both the weight of authority and sound principle are in favor of the proposition that when a deed founded on a sale for taxes is introduced in support of the bar of a possession under these statutes of limitations, it is of no avail if it can be seen upon its face and by its own terms that it is absolutely void."

To the same effect are the following cases: *Coulter v. Stafford* (circuit court of appeals for the Ninth circuit), 56 Fed. 564; *Moore v. Brown*, 11 Howard (U. S.) 414; *Daniels v. Case et al.*, 45 Fed. 843, 159 U. S. 251; *Callahan v. Davis* (Mo.) 2 S. W. 216; *Land and River Imp. Co. v. Bardon*, 45 Fed. 706; *Shoat v. Walker*, 6 Kan. 65; *Sapp v. Morrill*, 8 Kan. 677; *Hubbard v. Johnson*, 9 Kan. 632. The last three cases were where the original owner of the land remained in possession, but in the case of *Watterson v. Devoe*, 18 Kan. 223, the supreme court of Kansas said that, even though the purchaser at the tax sale was in possession, the statute of limitations would not run in favor of his tax deed, which was void upon its face. The justice who wrote this opinion cites the other Kansas cases referred to above. And again, in the case of *Larkin v. Wilson*, 28 Kan. 513, Chief Justice Horton, speaking for the court, said:

"This court has already held that a tax deed, to be sufficient when recorded to set the statute of limitations in operation, must of itself be *prima facie* evidence of title; that a tax deed void upon its face will not start the statute of limitations; and also that a tax deed void upon its face will not protect a person in possession of the premises for two years thereunder."

See, also, the following cases: *Mason v. Crowder*, 85 Mo. 526; *Sheehy v. Hinds*, 27 Minn. 258, 6. N. W. 781; *Cutler v. Hurlbut*, 28 Wis. 152; *Hofford v. McKinnon*, 23 Tex. 36. And in the case of *Hurd v. Brisner et al.* (Wash.) 28 Pac. 371, it is said: "If the sale was void [referring to a tax sale], which we think it was, none of the claims made by the appellant under the statute of limitations are good."

It is true that there are some cases holding that statutes of limitations will run against a void deed, but the weight of authority is against that doctrine, and with the latter line of authorities are the decisions of the supreme court of the United States. These decisions are binding upon this court; and, besides, we believe that the legislature did not intend that time should breathe life and force into an instrument from the face of which it could be seen that it was absolutely void. The law was intended to protect purchasers at tax sales and their grantees from hidden defects in the proceedings, and not from those which the tax deed shows upon its face, and which, under the law, persons dealing with the title are bound to know.

The judgment of the lower court is hereby affirmed, at the cost of appellant.

Irwin, J., who presided in the court below, not sitting; Burford, C. J., dissenting; Garber, J., absent; all the other Justices concurring.