### KLEINWACHTER v. COUNTY TREASURER OF HUGHES COUNTY.

No. 20963.   Opinion Filed May 24, 1932.

W. L. Kleinwachter, pro se.

Tom H. Fancher, County Attorney, and R. D. Howell, Jr., Asst. County Attorney, for defendant in error.

HEFNER, J. This is an appeal by W. L. Kleinwachter from a judgment of the county court of Hughes county in a tax ferret proceeding whereby the county court sustained the placing upon the tax rolls as omitted property certain tax sales certificates, and ordered their assessment as personal property.

The certificates were issued to appellant at a delinquent real estate tax sale by the county treasurer of that county, under section 9737, C. O. S. 1921. Appellant defended on the ground that he was not the owner of the certificates involved; that they belonged to his brother, who was a resident of Washington, D. C.; that they were therefore not taxable in this state. The trial court found the issues against appellant.

The evidence, in our opinion, is sufficient to sustain the finding of the court and, if the certificates in question be taxable, the judgment must be affirmed. While the question of the taxability of the certificates is not raised by counsel on either side, it is, we think, necessary to a proper decision in the case that it be determined. In our opinion these certificates are not subject to taxation.

Section 9737, supra, provides:

"The purchaser of any tract of land sold by the county treasurer for taxes shall be entitled to a certificate in writing describing the land so purchased and the sum paid, and the time when the purchaser will be entitled to a deed, which certificate shall be assignable; and said assignment must be acknowledged before some officer having power to take acknowledgment of deeds. Such certificate shall be signed by the treasurer in his official capacity, and shall be presumptive evidence of the regularity of all prior proceedings. The purchaser shall have a lien on the land for the delinquent taxes, and if he subsequently pays the taxes levied on the same, whether levied for one year or years, previous or subsequent to such sale, he shall have the same lien for them and may add them to the amount paid by him in the purchase, and the treasurer shall make out a tax receipt and duplicate for the taxes on the real estate mentioned in such certificate the same as in other cases."

The statute does not require that, in addition to paying taxes on the land, he must also pay taxes on the evidence of his interest therein.

In Keller v. Hawk, 19 Okla. 407, 91 P. 778, this court said:

"* * * The tax certificate, under the law, does not pass title to the land sold. It is a written certification by the county treasurer of the facts regarding the sale of real estate for taxes, and is the legal evidence upon which the holder thereof is, at the proper time, entitled to a deed, or the redemption money. * * *"

The tax certificate is a portion of the agency provided for the collection of taxes and, in the absence of a legislative act making the same taxable, it is not taxable

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of appellant.

CULLISON, SWINDALL, ANDREWS, Mc-

216

NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent