[No. 5131.   Decided December 15. 1904.]

LILLY BIGGART et al., Appellants, v. JOHN W. EVANS et al., Respondents.[1]

ADVERSE POSSESSION—SEVEN YEARS PAYMENT OF TAXES—GOOD FAITH OF PURCHASER—COMMUNITY PROPERTY—APPEAL—REVIEW OF FINDINGS. Where the surviving husband conveyed certain lands by warranty deed to the defendants, and the children seek to recover a one-half interest in an action in which the defendants claim title by adverse possession for seven years under claim and color of title made in good faith, and the payment of taxes under

[1]Reported in 78 Pac. 925.

Bal. Code, § 5503, findings to the effect that the property was pur-
chased in good faith will not be disturbed, where one of the ques-
tions in issue was whether the same was community or separate
property of the husband, and the testimony sustains the findings.

Appeal from a judgment of the superior court for Spo-
kane county, Hon. A. J. Killam, Judge *pro tempore,* en-
tered December 8, 1903, upon findings in favor of the
defendants, after a trial on the merits before the court
without a jury, in an action for the recovery of real estate
and damages. Affirmed.

*Sullivan, Nuzum & Nuzum,* for appellants.

*Crow & Williams* and *Denton M. Crow,* for respond-
ents.

DUNBAR, J.—This action was commenced by the plain-
tiffs in the superior court of Spokane county, for the
possession of an undivided one-half interest in a certain
160 acre tract of land described in the complaint. The
essential allegations of the complaint are that the plain-
tiffs are the only children of Mary E. Turner and Charles
D. Turner, husband and wife; that on the 24th day of
January, 1889, said Mary E. Turner, wife of the said
Charles E. Turner and mother of the plaintiffs, died
intestate, leaving surviving her the above named plain-
tiffs, her sole heirs at law; that, at the time of her death,
Mary E. Turner and Charles D. Turner were seized in
fee of the lands above described; that plaintiffs, as sole
heirs at law of Mary E. Turner, are the owners of an
undivided one-half interest in, and entitled to the pos-
session of, an undivided one-half interest in and to the
said above described real estate; that on the 17th day
of April, 1893, Charles D. Turner, without the knowl-
edge or consent of these plaintiffs, sold and conveyed by
warranty deed, all of said premises to the said defend-

ants; that, ever since the date of said sale, defendants have been in the possession of the said real estate under the said deed from Charles D. Turner, claiming to be sole owners of said real estate, and have refused to allow the plaintiffs, or either of them, to have possession of said property, or any part thereof; that the reasonable rental value of their interest in the land is $150 per year; and judgment is prayed for the recovery of the possession of an undivided one-half interest, and for the sum of $900 damages to the rental value.

The answer admits the relationship of the parties, but denies that the said real estate was, at the time of the transfer from Turner to the defendants, or at any time, the community property of Mary E. Turner and Charles D. Turner, but alleges that the same was the separate property of Charles D. Turner; alleges that, on the 17th day of April, 1893, for a good and valuable consideration to him paid by the defendants, the said Charles D. Turner, being then an unmarried man, by his warranty deed of that date, duly executed and delivered, conveyed to defendants the land above described; that, at the time said Turner so sold said real estate to the defendants, defendants paid him the full, fair, and adequate value of the entire interest and estate in said real estate, and understood that they were purchasing from the said Charles D. Turner the full and complete fee simple title in and to the said real estate, and that no person other than the said Charles D. Turner had any interest therein; that, since the said 17th day of April, 1893, the defendants have been in the actual, open, notorious, and exclusive possession of all of said tract of land, under claim and color of title, made in good faith; that during all of said time said defendants have paid all of the taxes legally assessed against said real estate, and that no taxes

have ever been paid upon said real estate by any other person whomsoever, and that there are no taxes now delinquent thereunder and unpaid thereon; alleges that improvements to a considerable sum have been made upon said land by the defendants since the purchase of the same; that all of the plaintiffs had actual knowledge and notice of the purchase of said land by the defendants, and that they had never at any time interfered, or sought to interfere, with the claim of title or possession of the defendants, until the commencement of this action. The answer prays that the complaint of the plaintiffs be dismissed, and that the defendants may be adjudged to be the owners in fee simple of the real estate described in the complaint, free and clear of any right, claim, interest, or equity of said plaintiffs, or any of them, and that the title in the defendants to the said real estate may be quieted, as against the pretended claims of the plaintiffs, and each and all of them; prays for costs and disbursements. The cause was tried by the court, and a judgment rendered in accordance with the prayer of the answer.

Section 5503, Bal. Code, provides that every person in actual, open, and notorious possession of lands or tenements, under claim and color of title, made in good faith, and who shall, for seven succeeding years, continue in possession and shall, also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title; that all persons holding under such possession, by purchase, devise, or descent, before said seven years shall have expired, and who shall continue such possession and continue to pay the taxes as aforesaid, so as to complete the possession and payment of taxes

for the term aforesaid, shall be entitled to the benefit
of this section. And section 5505 provides that, where
the holder of the adverse title is an infant or person un-
der legal age, such person shall commence an action to
recover such lands or tenements within three years after
the disabilities enumerated in the statute shall cease to
exist.

It is conceded by the appellant in this case that, if
the defendants bring themselves within the provisions of
§ 5503, the judgment in this case should be sustained,
for it is shown that the plaintiffs had not commenced the
action within three years after the youngest plaintiff had
arrived at the age of majority. But it is insisted by
the appellant that the distinguishing feature between this
statute of limitation and the limitation prescribed in
§ 4797 is that, under the provisions of § 5503, the party
must hold possession of the real estate under color of
title, and in good faith; whereas, under the provisions
of § 4797, neither one of these elements is requisite, and
that the testimony in this case shows that the title was
not acquired in good faith, because it must have been
known to the purchasers that the property sold was com-
munity property, and that the husband had no right to
sell more than his one-half interest in said property.

The question of whether the property was community
or separate property was one of the controverted ques-
tions in the case. The tenth finding of fact by the court
is as follows:

"That said deed from said Charles D. Turner to said
John W. Evans was made in good faith; that the said
John W. Evans and said Mary L. Evans, his wife, ac-
quired said deed in good faith, believing they were ac-
quiring the entire fee simple interest in and to said real
estate, and that they have, in good faith, paid all taxes

legally assessed against said real estate for more than seven successive years prior to the commencement of this action, and have, in good faith, so remained in actual, open, notorious, and exclusive possession of said real estate for more than seven successive years prior to the commencement of this action, under and pursuant to said deed."

We have read all the testimony in the case and, without specially reviewing it, it is sufficient to say that in our opinion it sustains the finding of the court. The judgment will therefore be affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.