[No. 17979. Department Two. August 1, 1923.]

W. H. PRATT, *as Receiver etc., Respondent*, v. G. J. ANDERSON *et al., Appellants*, MRS. B. A. WARD *et al., Defendants.*[1]

RECEIVERS (29)—APPOINTMENT—COLLATERAL ATTACK. In an action by a receiver, his appointment cannot be collaterally attacked on the ground of want of prior notice, and that he was disqualified as having been attorney for the judgment creditors, since those questions could be raised only on appeal.

RECEIVERS (14)—APPOINTMENT—QUALIFICATIONS—ATTORNEYS. An attorney for judgment creditors is not disqualified to act as receiver where he was not an attorney for the creditor in the case in which the appointment was made.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 1, 1922, in favor of the plaintiff, in an action to set aside a conveyance as in fraud of creditors, tried to the court. Affirmed.

[1]Reported in 216 Pac. 885.

*J. W. A. Nichols,* for appellants.

*J. Charles Dennis* and *John M. Coffee,* for respondent.

TOLMAN, J.—This action was instituted by respondent, as receiver, to set aside an alleged fraudulent conveyance and subject certain property to the claims of creditors. From a judgment granting the relief sought, appellants, who were defendants below, have appealed:

A number of judgments were recovered against the community composed of the appellants G. J. Anderson and wife, and thereafter supplemental proceedings were begun upon one of the judgments in accordance with Rem. Comp. Stat., § 613 *et seq.* [P. C. § 7927]. In the course of these proceedings, under the direct authority of § 640, Rem. Comp. Stat. [P. C. § 7954], respondent was appointed as receiver, without other notice to the judgment debtors than the service of the order to attend and submit to the examination. By demurrer and by affirmative answer, appellants attacked the appointment of respondent as receiver on the ground that such appointment was made without prior notice to them, and that respondent is disqualified to act as receiver in this matter because of having been an attorney for one of the judgment creditors. These questions could and should have been raised directly by an appeal from the order appointing the receiver, and the present attempt to raise them as a defense to the action brought by the receiver, after his appointment and qualification, is a collateral attack which cannot, under elemental rules, be now considered. Moreover, the appointment as made is expressly authorized by the statute, and like action in a similar case was upheld by this court in *Smith v. Weed,* 75 Wash. 452, 134 Pac. 1070. Respondent was not an attorney for the creditor in the case in which the

appointment was made, and if he were an attorney for one of the other judgment creditors, no reason is pointed out why that fact should disqualify him.

The main defense below and here, that the transfer complained of was made in good faith, and that the deed by which it was effected was given to supply the place of a previous deed made seventeen years before, never recorded, and subsequently destroyed by fire, involves questions of fact only. We have studied the evidence as brought here and are convinced that it supports the conclusions reached by the trial court as shown by its judgment, which judgment is therefore affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.