[No. 20488.   Department One.   August 30, 1927.]

W. B. HERR, *as Receiver, Respondent,* v. LEWIS SCHWAGER *et al., Appellants.*[1]

[1] CONSTITUTIONAL LAW (69)—VESTED RIGHTS—STATUTES OF LIMITATION. Rem. 1927 Sup., § 159, removing the bar of the statute of limitations as to certain actions after the limitations had run, operates on the remedy only and does not affect any vested right, in violation of the Fourteenth Amendment of the Federal constitution, or Art. 1, § 3, of the state constitution.

[2] CORPORATIONS (91, 212)—LIABILITY OF OFFICERS—FRAUD—REMEDIES OF CREDITORS. The liability of officers diverting the assets of an insolvent corporation to the prejudice of the rights of a creditor exists at common law.

[3] APPEAL (379)—REVIEW—INTERLOCUTORY ORDERS ON APPEAL FROM FINAL JUDGMENT. Error in the appointment of a receiver cannot be assigned upon appeal from a final judgment where no appeal was taken from the judgment appointing the receiver.

[1] Reported in 258 Pac. 1039.

Appeal from a judgment of the superior court for King county, Douglas, J., entered July 3, 1926, upon findings in favor of the plaintiff, in an action for the conversion of corporate assets, tried to the court. Affirmed.

*Kerr, McCord & Ivey, Jay C. Allen (John F. Walthew,* of counsel), for appellants.

*Dallas V. Halverstadt, Guie & Halverstadt, John J. O'Brien,* and *Rummens & Griffin,* for respondent.

MAIN, J.—The plaintiff as receiver for Schwager & Nettleton, Inc., an insolvent corporation, brought this action to recover from the defendants for the illegal conversion of the assets of the corporation. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining the right to recover. Judgment was entered in favor of the plaintiff in the sum of $8,000, from which the defendants appeal.

Schwager & Nettleton, Inc., was engaged in the wholesale lumber business in Seattle. Lewis Schwager and W. B. Nettleton each owned one-half of its stock and they were the only trustees. In 1918, they divided the assets of the corporation between themselves. The corporation thereafter did business and entered into a contract with the National Steel Car Company, Ltd., of Toronto, Canada, which ultimately resulted in a judgment against the corporation. After this judgment was entered, the receiver was appointed. It was then discovered that the appellants had diverted the assets of the corporation, but that the statute of limitations had run against their liability.

In 1923 (Laws 1923, ch. 28, p. 70); Rem. 1927 Sup., § 159, the legislature passed an act which removed the bar of the statute, and thereafter the present action was instituted.

[1]  The principal question is whether that act of
the legislature operated to defeat a vested right of the
appellants.  In other words, the statute of limitations
having once run, did the right of the appellants not to
pay the obligation become vested.

Section 3 of art. 1 of the constitution of this state
provides:

"No person shall be deprived of life, liberty or
property without due process of law."

The Fourteenth Amendment to the constitution of
the United States in part provides:

"Nor shall any state deprive any person of life,
liberty or property without due process of law."

It will be noticed that the language of the two con-
stitutional provisions is the same.  In *Campbell v.
Holt*, 115 U. S. 620, the identical question here pre-
sented was before that court and it was held that the
removal of the bar of the statute of limitations, after
the statute had once run, did not conflict with the Four-
teenth Amendment to the Federal constitution.  It was
there said, after reviewing the authorities:

"In all this class of cases the ground taken is, that
there exists a contract, but, by reason of no remedy
having been provided for its enforcement, or the
remedy ordinarily applicable to that class having, for
reasons of public policy been forbidden or withheld,
the legislature, by providing a remedy where none
exists, or removing the statutory obstruction to the
use of the remedy, enables the party to enforce the
contract, otherwise objectionable.

"Such is the precise case before us.  The implied
obligation of defendant's intestate to pay his child for
the use of her property remains.  It was a valid con-
tract, implied by law before the statute began to run in
1866.  Its nature and character were not changed by
the lapse of two years, though the statute made that a
valid defense to a suit on it.  But this defense, a purely

arbitrary creation of the law, fell with the repeal of the law on which it depended.

"It is much insisted that this right to defense is a vested right, and a right of property which is protected by the provisions of the Fourteenth Amendment.

"It is to be observed that the word vested right is nowhere used in the Constitution, neither in the original instrument nor in any of the amendments to it.

"We understand very well what is meant by a vested right to real estate, to personal property, or to incorporeal hereditaments. But when we get beyond this, although vested rights may exist, they are better described by some more exact term, as the phrase itself is not one found in the language of the Constitution.

"We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation, as often asserted and especially by this court, are founded in public needs and public policy—are arbitrary enactments by the law-making power. *Tioga Railroad v. Blossburg and Corning Railroad,* 20 Wall. 137, 150. And other statutes, shortening the period or making it longer, which is necessary to its operation, have always been held to be within the legislative power until the bar is complete. The right does not enter into or become a part of the contract. No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says, time shall be no bar, though such was the law when the contract was made. The authorities we have cited, especially in this court, show that no right is destroyed when the law restores a remedy which had been lost."

To that opinion, two of the members of the court dissented. The dissenting opinion recognizes that the running of the statute does not destroy the obligation but that, when the statute has once run, there is a vested right not to pay the obligation, even though it still exists. The question has been before the courts

of last resort of a considerable number of the states and there is among them a division of authority, some taking the view of the majority opinion in *Campbell v. Holt, supra,* and others adopting the opposite view. Numerically the greater number are of the latter class. It would serve no useful purpose here to assemble and discuss these various cases. They may be readily found cited in any standard text on the subject and in the notes to cases that are annotated. The provision in the Federal constitution and that of this state being the same, while the holding in *Campbell v. Holt, supra,* is not necessarily controlling, it should, as stated in *State v. Buchanan,* 29 Wash. 602, 70 Pac. 52, 92 Am. St. 930, 59 L. R. A. 342, be given ''great weight.'' It seems to us, after reading all the cases which have decided the question, that the better reasoning is with the majority view of the federal supreme court. If, as all courts hold, a statute of limitation operates upon the remedy only and does not destroy the obligation, we think that, by the running of the statute, a debtor does not acquire a vested right not to pay a debt which at no time has been destroyed.

[2] There are discussed in the briefs some other questions of minor importance, and these will be briefly noticed. It is argued that the case of *Campbell v. Holt, supra,* is not applicable to the present case for the reason that the liability, if any, on the part of the appellants is statutory. The answer to this is that the liability of one diverting the assets of an insolvent corporation to the prejudice of the rights of a creditor exists at common law. *Mitchell v. Jordan,* 36 Wash. 645, 79 Pac. 311; *Barnard Mfg. Co. v. Ralston Milling Co.,* 71 Wash. 659, 129 Pac. 389.

[3] It is said that, since an action could have been maintained against the appellants without the intervention of a receiver, the appointment of the receiver

was therefore error. No appeal was taken from the judgment appointing the receiver at that time. Under the holding in *Pratt v. Anderson*, 126 Wash. 30, 216 Pac. 885, the order will not now be destroyed.

Finally, it is contended that under the facts appellants are not liable. The trial court found the facts against the appellants and, after examining the evidence, we are not disposed to disturb the findings.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.