[No. 22861. Department Two. February 21, 1931.]

F. S. HARMON & COMPANY, *Plaintiff*, v. OLYMPIC FURNITURE COMPANY, *Defendant*, SEATTLE ASSOCIATION OF CREDIT MEN, *Intervener-Appellant*, J. H. BLAKISTON, *Respondent*.[1]

[1] Reported in 296 Pac. 174.

*Louis E. Shela* and *Peter Balkema,* for appellants.

*Burkey & Burkey* and *Wayne W. Keyes,* for respondent.

BEALS, J.—Olympic Furniture Company, a domestic corporation, engaged in business in the city of Olympia as a retail dealer in furniture, being insolvent, under date November 19, 1929, executed to Seattle Association of Credit Men, a corporation, as assignee, an assignment whereby it transferred to its assignee, in trust for its creditors, all of its assets. This assignment was, November 27, 1929, filed for record in the office of the auditor of Thurston county, and the assignee accepted the trust thereby created, took possession of the assets of the assignor, and proceeded to administer the same. In response to notices sent out by the assignee, most of the creditors executed assignments of their respective claims to the assignee, which were delivered to it to enable it to better carry out the purposes of the assignment.

F. S. Harmon & Company, a general creditor, ignored the assignment, and brought this action against the Olympic Furniture Company (hereinafter called the Furniture Co.) to recover judgment upon the account due it, which was an open account for furniture sold. In its complaint, Harmon & Company alleged the indebtedness in its favor, the insolvency of the Fur-

niture Co., and its assignment for the benefit of its creditors. Beside the usual demand for money judgment, plaintiff also prayed for the appointment of a receiver. At the time of the filing of the action, an order to show cause was issued requiring the Furniture Co. to appear December 23, 1929, and show cause why a receiver should not be appointed, as prayed for in the complaint. On the return day, the hearing on the order to show cause was continued to December 30 following, on which date the show cause order was stricken from the calendar for want of prosecution.

No further steps were taken in the action until February 11, 1930, when, on plaintiff's motion, an order of default was entered against the defendant (the order reciting that service of process had been made upon the defendant), followed by the entry of a money judgment in plaintiff's favor, which judgment recited the making of findings of fact and conclusions of law. In this judgment, the plaintiff's prayer for the appointment of a receiver was ignored. Three days thereafter, February 14, 1930, the plaintiff filed a motion for the appointment of J. H. Blakiston as receiver of the Furniture Co., at which time, without any notice whatever to the defendant, Mr. Blakiston was appointed receiver, and his bond fixed in the sum of one thousand dollars.

Four days later, Seattle Association of Credit Men, a corporation (hereinafter referred to as the Association), filed its petition, praying for leave to intervene in the action, alleging the insolvency of the Furniture Co., and its assignment to the Association for the benefit of its creditors. The petition further alleged the acceptance of the trust by the Association, and that the assignee had been diligently and economically administering the estate of the insolvent for the benefit of its creditors, including plaintiff.

Upon the filing of this petition, an order was entered, allowing the Association to intervene, whereupon the Association filed its complaint in intervention, realleging the matters hereinabove set forth, and praying that an order to show cause be entered, requiring Mr. Blakiston, as receiver, to appear and show cause why the order appointing him receiver should not be vacated. A motion to vacate and set aside the judgment against defendant and the order appointing the receiver was also filed by the Association, supported by affidavits, stating that no notice of the appointment of the receiver had been given to any person, and setting forth other matters which it was alleged had transpired since the date of the assignment.

The Harmon Company answered the complaint in intervention, denying certain of the allegations therein contained, and pleading affirmatively that, prior to its assignment, the Furniture Co. had paid large sums to certain of its creditors, which payments constituted unlawful preferences, to the unfair advantage of the creditors so preferred and to the detriment of other creditors, including Harmon & Company. Many affidavits were filed; the receiver filed his answer to the order to show cause; and the trial court, April 21, 1930, made an order, containing a brief resume of the prior proceedings, and requiring the Association, as intervener, and all persons interested, to appear at a time therein fixed and show cause why the appointment of Mr. Blakiston as receiver should not be confirmed. To this order the Association filed its answer, pleading the assignment to it, and other matters which it considered pertinent.

At the hearing upon this order to show cause, the trial court ruled that the prior appointment of the receiver should be ratified and confirmed. The hearing upon the order to show cause evidently took place on

or prior to May 13, 1930, on which date the court signed an order embodying its ruling hereinabove referred to, ratifying and confirming the appointment of the receiver. This order was apparently filed with the clerk on the day it bears date, but the file marks were subsequently erased and a notation written in as follows: "Unfiled at the request of Wayne W. Keyes." The order was finally filed May 19, 1930, after written notice to the defendant and to the intervener that it would be presented for filing on that date.

Meanwhile, the Furniture Co. filed its voluntary petition in bankruptcy, and, May 17, it was adjudicated a bankrupt. June 13 following, at a meeting of the creditors, Mr. J. H. Blakiston, the receiver, was appointed trustee in bankruptcy of the insolvent. The trustee qualified by filing his bond, and thereafter made a written demand upon the Association to the effect that it turn over to him, as trustee, the assets of the insolvent. This demand was never complied with, but has never been withdrawn.

June 25 following, Mr. Blakiston, as receiver of the Furniture Co., made a written demand upon the Association, requiring it to forthwith surrender to him, as receiver, the property of the Furniture Co. which it had received as assignee. The Association, by letter, declined to comply with this demand, alleging that the order appointing the receiver was void, and that, in any event, the bankruptcy proceedings had superseded the receivership.

July 2, 1930, the court, on motion of the receiver, issued an order to show cause, requiring the Association, as assignee and intervener, and Peter Balkema, its secretary, to show cause why they should not forthwith surrender to the receiver the property in their possession under the assignment from the Furniture Co., or, in case of their refusal so to do, why they

20

should not be punished for contempt. The Association and Mr. Balkema moved to quash this order upon two grounds: First, because the original order appointing Mr. Blakiston receiver was void for want of notice, and that the order thereafter entered, purporting to confirm and ratify the appointment of the receiver, was consequently invalid; and, second, that the superior court had jurisdiction neither of the subject matter nor of the parties, because of the pendency of the bankruptcy proceedings. The motion to quash was denied, whereupon an answer and return on the merits was immediately filed.

After a hearing, the superior court adjudged the Association and Mr. Balkema guilty of contempt, and imposed a fine upon each in the sum of fifty dollars. This ruling was embodied in a judgment dated July 19, 1930, from which judgment the Association and Mr. Balkema appeal to this court.

Appellants contend that the order confirming and ratifying the appointment of the receiver is void, as the order of February 14, appointing the receiver, was invalid for want of notice, and could not subsequently be ratified or confirmed, and contend, also, that the order appealed from is void, because the receiver filed no bond subsequent to the order of July 19, but relied upon the bond which he had filed immediately after his original appointment.

It seems clear that the order dated February 14, appointing Mr. Blakiston receiver, was void for want of notice. *State ex rel. Ridgely v. Superior Court*, 86 Wash. 584, 150 Pac. 1153; *Gordon v. Hillman*, 107 Wash. 628, 182 Pac. 591. Under the rule laid down in the foregoing cases, it is the law of this state that the appointment of a permanent receiver, whether before or after judgment, without notice, is void.

Appellants also contend that, because at the time of the entry of judgment there was on file no return showing service of the summons and complaint upon the defendant, the order of default and the judgment subsequently entered were void.

February 18, 1930, appellant Association filed its motion to vacate and set aside the judgment theretofore entered in this action, as well as the order of February 14, appointing the receiver. On the day this motion was filed, the Association procured an order to show cause, directed to the Harmon Company and the receiver, requiring them to show cause why the judgment should not be set aside, and the order appointing a receiver vacated. Later, at the hearing upon the order to show cause issued February 18, which hearing appears to have been had March 3, all parties were represented and the matter was argued, final determination being continued to allow the parties to file briefs.

April 21, 1930, another order to show cause was issued, requiring the Harmon Company and the Association to show cause why the appointment of the receiver should not be confirmed. In this order, no reference was made to the Association's motion to vacate the judgment, but the order does recite that all matters set forth in the affidavits and pleadings had been argued by counsel for the respective parties, and considered by the court. The order recites, *inter alia,* the fact that judgment had been entered in plaintiff's favor, but does not contain any ruling upon the Association's motion to vacate the judgment, nor does it appear that any ruling upon this portion of the motion was requested.

Conceding, for the sake of argument, that appellants had a right to attack the judgment, upon the record before us it must be concluded that appellants cannot,

on this appeal, urge that the judgment against the furniture company is void for want of jurisdiction to enter the same.

Appellant Association did not appeal from the order dated May 13, 1930, confirming the prior appointment of J. H. Blakiston as receiver. Respondent contends that, under the rule laid down by this court in the case of *Pratt v. Anderson,* 126 Wash. 30, 216 Pac. 885, 28 A. L. R. 548, appellants cannot urge on this appeal that the order entered May 13 was erroneous. As we are satisfied that the order was properly entered, we will assume, for the purposes of this opinion, that appellants may argue the question of the validity of the receiver's appointment.

The order of April 21, requiring the Association to show cause why the appointment of the receiver should not be confirmed, afforded the adverse parties to the action a full opportunity to be heard upon the question of the appointment of a receiver. Appellant Association responded to this order by filing a lengthy answer, presenting all the issues which it desired to raise, and the matter was heard by the court at considerable length.

We hold that, under the facts here shown, the order to show cause last referred to, was equivalent to an order to show cause why a receiver should not be appointed, and that the order entered May 19 was equivalent to an order appointing an original receiver, and should be considered as such. Neither was it necessary for the receiver to again qualify. The bond theretofore filed by Mr. Blakiston is binding upon him and his surety, and, unless required by the court, the filing of a new bond, while proper, was not necessary. For the purposes of this opinion we assume that the order dated May 13 is effective as of May 19, the date of its second filing.

■ Appellants contend that the proceedings in bankruptcy deprived the receiver of jurisdiction, and that he has no right to demand of appellants the property which they hold under the assignment. It seems plain that, as this assignment was made more than four months prior to the adjudication of bankruptcy, the trustee in bankruptcy cannot successfully demand that property turned over pursuant to the assignment, be delivered to him as trustee. There is here no actual conflict between a trustee in bankruptcy and a receiver appointed by the state court. Appellants seek to protect themselves in possession of property received under the assignment, using as a shield an adjudication in bankruptcy, which adjudication is manifestly a vain and idle gesture, wholly ineffective in so far as the procurement of a fair division of the assets of the insolvent is concerned. This matter, if to be litigated at all, can only be litigated in the state court. We conclude that, upon the record before us, the order appealed from was properly entered.

This order is coercive, not punitive. No actual conflict in the right to administer upon the property of the insolvent between the trustee in bankruptcy and the state receiver, appears. No officer of the United States district court is claiming the property of the insolvent as against the receiver. It is not contended that appellants ever offered to turn over to the trustee in bankruptcy the assets which they are holding; indeed, it is evident that the contrary is the case.

Appellants cite many authorities to the effect that the jurisdiction of the United States courts in bankruptcy matters is exclusive. This is the law, but we do not understand these authorities as laying down the rule that, under the circumstances here shown, a mere adjudication of bankruptcy, under which a trustee cannot successfully maintain a claim to the possession of

property held by an assignee, will deprive a receiver appointed by the state court, of the right to wage, in that court, an action which the state law gives him the right to institute. In the receivership, the rights of all parties will be protected, and any questions based upon matters connected with the bankruptcy proceeding, subsequently arising, may be determined when presented.

■ Appellants also call attention to the rule that assignments and receiverships created more than four months preceding the filing of a bankruptcy petition, are not affected by such a proceeding. Remington on Bankruptcy, vol. 5, §§ 2057, 2077, and cases there cited. This is undoubtedly the law, and it would seem to be equally true that a state receivership, set up for the purpose of attacking an assignment made more than four months prior to the filing of the petition in bankruptcy, should also be unaffected thereby, as such a receivership functions entirely without the sphere of the bankruptcy court, and, apparently, in no manner comes in conflict therewith.

Finding no error in the record, the order appealed from is affirmed.

TOLMAN, C. J., MILLARD, BEELER, and FULLERTON, JJ., concur.