[No. 33321. *En Banc.* February 2, 1956.]
(Petition for rehearing granted June 5, 1956.)

ANNIE BRENNER, *Respondent*, v. THE J. J. BRENNER OYSTER COMPANY, *Appellant.*

THE J. J. BRENNER OYSTER COMPANY, *Appellant*, v. JOHN W. SHUGARTS *et al., Respondents.*[1]

*O'Leary, Meyer & O'Leary,* for appellant.

*Parr & Baker, Smith Troy* and *Philip W. Richardson,* for respondents.

MALLERY, J.—Annie Brenner sold the timber upon a tract of land in Thurston county. After the timber was

[1]Reported in 292 P. (2d) 1052.

removed, the J. J. Brenner Oyster Company, claiming ownership of the land, sued for trespass and triple damages for removal of the timber, in cause No. 27884. The complaint was answered by denying that the Oyster Company had title to the land. Annie Brenner then brought an action, cause No. 28332, against the oyster company to quiet title to the land in herself. Both cases thus turned upon the title to the land, which the trial court found to be in Annie Brenner. The causes were consolidated for trial and, also, upon appeal.

In 1901, Charles Brenner, the late husband of respondent Annie Brenner, had an oyster business partnership with his brother J. J. Brenner, the predecessor of appellant J. J. Brenner Oyster Company. In that year, the partnership purchased from the state of Washington the second-class tidelands on Eld Inlet lying in front of government lot 2, section 12, township 18 north, range 3, W.W.M., in Thurston county.

The state's conveyance contained a metes and bounds reference to the government meander line, which was erroneously placed inland on government lot 2 a considerable distance from the line of ordinary high tide. The second-class tidelands neither touched the government meander line nor overlapped any part of government lot 2. The land here in question is that part of government lot 2 which lies between the erroneous government meander line and the true line of ordinary high tide, which marks the limits of the second-class tidelands.

In 1902, the partnership was dissolved. The partners made an agreement for the division of the second-class tidelands and implemented it by the exchange of quitclaim deeds, in which their wives joined. In drawing the deeds, they copied the same metes and bounds description of the erroneous meander line that was used in the state's conveyance to them. It is not contended that the partnership had acquired any right or title to the land in question by reason of the description used by the state in conveying the second-class tidelands. The deeds exchanged by the part-

ners thus described more property than the tidelands which the parties owned.

In 1924, respondent Annie Brenner acquired all of government lot 2, which, of course, included the land in question. Appellant contends that this after-acquired title to the land which was described in respondent's quitclaim deed, inures to the benefit of appellant by reason of Rem. Rev. Stat., § 10571 [cf. RCW 64.04.070], which provides, *inter alia*:

"Whenever any person . . . having . . . conveyed by deed any lands in this state, . . . who . . . had no title to such land, . . . and who . . . shall acquire a title to such lands . . . , such title shall inure to the benefit of the . . . conveyee . . . ."

This section was enacted by the territorial Laws of 1871, § 1, p. 195. It made no reference to any particular kind of deed, but applied the principle of after-acquired title to deeds in general. However, the application of the principle of after-acquired title was later limited as to quitclaim deeds by the Laws of 1886, § 5, p. 178, as amended by the Laws of 1929, chapter 33, § 11, p. 35, Rem. Rev. Stat., § 10554 [cf. RCW 64.04.050], which provides:

"Quitclaim deeds may be in substance in the following form: The grantor (here insert the name or names and place of residence), for and in consideration of (here insert consideration) conveys and quit claims to (here insert grantee's name or names) all interest in the following described real estate (here insert description), situated in the county of............................................., State of Washington.

"Dated this.............................................. day of..........................., 19..........

"Every deed in substance in the above form, when otherwise duly executed, shall be deemed and held a good and sufficient conveyance, release and quit claim to the grantee, his heirs and assigns in fee of all the then existing legal and equitable rights of the grantor in the premises therein described, *but shall not extend to the after acquired title unless words are added expressing such intention*." (Italics ours.)

Under these statutes construed together, after-acquired title is conveyed by (1) warranty deeds, and (2) quitclaim deeds which express an intention so to do, but

not by quitclaim deeds without such an express intention. The quitclaim deed here in question made no reference to after-acquired title. It merely contained an habendum clause.

The appellant relies upon *West Seattle Land & Imp. Co. v. Novelty Mill Co.*, 31 Wash. 435, 72 Pac. 69, and *Bradley v. Fackler*, 13 Wn. (2d) 614, 126 P. (2d) 190, for the rule that an habendum clause in a quitclaim deed is sufficient to express an intention to convey after-acquired title.

■ This rule makes a distinction between the effect of quitclaim deeds which have habendum clauses and those which do not. Such a distinction is not sound. The addition of an habendum clause does not change the effect of a quitclaim deed in any way. *Every* quitclaim deed conveys to the grantee whatever present interest the grantor has. In *McCoy v. Lowrie*, 44 Wn. (2d) 483, 268 P. (2d) 1003, we said:

"It has been the law since statehood that a quitclaim deed is just as effectual to convey the title to real estate as any other deed, and a grantee of a quitclaim deed has the same rights as the grantee of a warranty deed, with the exception that he is given no warranties. A quitclaim deed is just as good as any other deed, if the grantor has the title to convey. *Ankeny v. Clark*, 1 Wash. 549, 20 Pac. 583; *McInerney v. Beck*, 10 Wash. 515, 39 Pac. 130."

■ We overrule *West Seattle Land & Imp. Co. v. Novelty Mill Co., supra,* and *Bradley V. Fackler, supra,* to the extent that they conflict with this opinion.

We now hold that an habendum clause in a quitclaim deed does not convey after-acquired title because it does not (1) express an intention so to do, or (2) convert it into a warranty deed.

Annie Brenner's acquisition of government lot 2 did not inure to the benefit of appellant.

The judgments are affirmed.

ALL CONCUR.

June 5, 1956. Petition for rehearing granted.