[No. 37529.    Department One.    July 7, 1966.]

EDNA SCRAMLIN et al., *Appellants*, v. VERDA GARNET WARNER, *Individually and as Administratrix, et al., Respondents.**

*Frederick Barker* and *Elvidge, Watt, Veblen & Tewell,* for appellants.

*Chester A. Lesh,* for respondents.

COCHRAN, J.†—Frank and Anna Erickson were husband and wife and resided on a 5-acre tract of land near Kirkland. Anna Erickson died intestate in 1937, leaving seven children, all of whom were of the age of majority, thus making the surviving spouse and his children tenants in common of

*Reported in 416 P.2d 699.

---

†Judge Cochran is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

the property. Mr. Erickson wanted to live in the home, but, being over 80 years old, he needed someone to help care for him; however, his children were either unable or unwilling to do so. Mr. Erickson offered to deed the property to Walter Warner and his wife, Verda Warner, if they would care for him. Walter Warner was a grandson of Mr. Erickson, but had no interest in the property.

The Warners accepted the offer and moved in with Mr. Erickson, and the latter obtained the services of a real-estate agent and notary public who prepared a quitclaim deed conveying the property to Walter and Verda Warner. The deed described the entire property and was recorded.

Frank Erickson died in 1939, and Walter and Verda Warner paid his funeral expenses. There was no contribution from any of his children.

For 24 years, Walter and Verda Warner remained in possession of the property, paid the taxes and assessments and made valuable improvements, such as clearing land, constructing a road, enlarging and improving the house, and putting in a new furnace. In addition, they paid off the original mortgage, made a new one to cover the cost of improvements, and paid it off. They treated the property as their own and at no time did any of the children of Frank and Anna Erickson inform the Warners that they had or claimed any interest in the property.

In 1962, Walter Warner died and Verda Warner was named as administratrix. It was during the administration of the estate that the defect in the title was discovered. Respondents' attorney attempted to get releases from the heirs of Frank Erickson. Four of the heirs signed the release. The remaining heirs (who are the appellants) brought this action to quiet title according to their respective interests.

Under these facts, did the respondents acquire good title within the provisions of RCW 7.28.070 relating to title by adverse possession? The trial court held that they did. We agree.

The code provision involved is a part of the general chapter on ejectment and quieting title, the particular section being in pertinent part, as follows:

Every person in actual, open and notorious possession of lands or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession, and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. RCW 7.28.070.

Appellants question if one deriving title to the entire property from one cotenant can take under this statute.

In *Biggart v. Evans,* 36 Wash. 212, 78 Pac. 925 (1904), a surviving husband who was a cotenant with his children, conveyed the land by warranty deed, and the grantee went into possession and paid the taxes for 7 years. The court held that the grantee acquired good title and the children of the deceased wife had no interest in the property.

In *Church v. State,* 65 Wash. 50, 56, 117 Pac. 711 (1911), the court said:

When one cotenant conveys the entire estate to a third party who has theretofore been an entire stranger to the title, and the grantee takes possession claiming exclusive title, such conveyance and possession operate as a disseizin of the other cotenants and convert the possession of the grantee into an adverse possession.

In *Akley v. Bassett,* 189 Cal. 625, 641, 209 Pac. 576 (1922), there was a similar situation and a statute similar to RCW 7.28.070. The plaintiff claimed that title by adverse possession could not be obtained by one tenant in common against another. The court said:

A tenant in common who enters into the actual possession of land under claim and color of title, and who, with his predecessor in interest, has maintained possession, and exercised acts of ownership openly and notoriously, claiming the same adversely to other cotenants who are of age, and to all the world, and paying taxes assessed thereon for more than five years prior to the commencement of an action against him, thereby acquires a title by prescription under the statute of limitations. (*Gregory v. Gregory,* 102 Cal.. 50, 53 [36 Pac. 364]; *Winterburn v. Chambers,* 91 Cal. 170, 184 [27 Pac. 658]; Freeman on Cotenancy and Partition, sec. 221.) . . . . The entry by appellant's predecessor was the assertion of an

exclusive right in severalty, and equivalent to an express declaration that he entered "claiming the whole to himself." The entry and possession, which passed to appellant, was an ouster of all persons claiming an interest in the land, and was such a disseisin as set the statute of prescription in motion against them, at and from the time they had a right of entry. . . . It is immaterial that the fee-simple deed from . . . Workman to .. . . Bassett, under which the entry was made, actually carried with it only the title to a life estate, or an undivided interest. The extent of the estate purporting to be conveyed characterized the entry and subsequent possession, and showed beyond doubt that they were made under a claim to the whole, and were with the intent to oust all others asserting an interest. . . . It would seem, therefore, that appellant's possession was never in privity with respondent, as her tenant in common, or in subordination of her claim. (*Elder v. McClaskey,* 70 Fed. 529, 539-542 [17 C. C. A. 251].)

Having established that one taking title from a cotenant can get ownership under RCW 7.28.070, the only question remaining is whether this particular quitclaim deed enables the respondents to fulfill the color of title requirement of RCW 7.28.070, (all parties being agreed that the other requirements of RCW 7.28.070 have been met).

The pertinent part of the deed in this case is as follows:

The Grantor, Frank Erickson, a widower, for and in consideration of One Dollar convey and quit-claim to Walter Warner and Verda Warner, his wife all interest in the following described real estate:

Lot 5 Block 157 Burke and Farrar's Kirkland addition to the City of Seattle Division No. 31 situated in the County of King, State of Washington

Dated this 24th day of October, A.D. 1938.

[signed] Frank Erickson (seal)

In *Bassett v. Spokane,* 98 Wash. 654, 656, 168 Pac. 478 (1917), color of title has been defined as follows:

Color of title is that which is a semblance or appearance of title, but is not title in fact nor in law. A claim to property under the terms of some conveyance, however incompetent to carry or pass the title, is strictly color of title. [Citing cases.]

■ This definition was amplified in *Schmitz v. Klee*, 103 Wash. 9, 16, 173 Pac. 1026 (1918):

An instrument, in order to operate as color of title, must purport to convey title to the grantee or to those with whom he is in privity, *and must describe and purport to convey the land in controversy*; it cannot be aided by parol evidence. (Italics ours.)

In *Heikkinen v. Hansen*, 57 Wn.2d 840, 360 P.2d 147 (1961), the court said: "One may not claim property under color of title when the *property is not described in the deed*." (Italics ours.)

The deed in the instant case sufficiently describes the property in question and purports to convey it to the respondents.

■ That the deed in this case is a quitclaim deed does not in and of itself change the result. In *McInerney v. Beck*, 10 Wash. 515, 517, 39 Pac. 130 (1895) the court said: "A quitclaim deed is as good as any other deed, if the grantor had the title to convey, and if he did not have the title to convey, as between other claimants, the warranty would not amount to anything." This rule was specifically approved in *McCoy v. Lowrie*, 44 Wn.2d 483, 268 P.2d 1003 (1954) and *Brenner v. J. J. Brenner Oyster Co.*, 48 Wn.2d 264, 292 P.2d 1052 (1956).

Appellants do not disagree with the above. Admitting that a quitclaim deed can pass color of title, they insist that, as this is a statutory quitclaim deed, only the interest of the grantor can pass. This argument has no merit. The deed in question described all the property Frank Erickson thought he owned. The fact that it was in quitclaim form demonstrates only that he gave no warranties, not that anything less than all the property was intended to pass. Appellants cite no authority for the proposition that color of title cannot be gained when a statutory quitclam deed is used, nor has any been discovered by this court.

We conclude that, while the Frank Erickson deed did not convey actual title because he owned only an undivided interest, nevertheless it did constitute color of title to the entire property, which it described, and its delivery and re-

cording gave constructive notice to the cotenants of Frank Erickson that the grantor therein claimed the entire property and had conveyed the same to the Warners.

All of the requirements of the statute being present, they acquired title to the property.

The judgment is affirmed and, on respondents' motion, the court is directed to quiet title in respondents on their counterclaim.

ROSELLINI, C. J., HILL, HUNTER, and HALE, JJ., concur.