[No. 1128-2.  Division Two.  January 24, 1974.]

EDNA STEVENS, *Respondent*, v. WARREN M. STEVENS, *Appellant*.

*Richard A. Headrick* (of *Reynolds & Headrick*), for appellant.

*Howard V. Doherty*, for respondent.

PEARSON, C.J.—This action concerns the effect to be given to an after-acquired property clause in a quitclaim deed executed and delivered by one spouse to another in the context of a divorce settlement and decree. The facts of the case are as follows.

For several years prior to their divorce, the parties made their home on a large parcel of property in Port Angeles.

They rented this property from a Mr. Flores, a former husband of Mrs. Stevens, at a relatively modest monthly rate. It appears from the record that approximately 7 years prior to the divorce there were some discussions between Mr. Flores and the Stevenses concerning the possibility of their purchasing this property. Moreover, during the course of their tenancy, Mr. and Mrs. Stevens secured financing for a home improvement loan through Mr. Flores, who charged them an increased rental until the loan was repaid.

The parties were divorced in June of 1971. While the discussions with Mr. Flores about purchase of the property had evidently never matured, and nothing had been reduced to writing, Mr. Stevens felt, based upon the above facts, that the parties might have some interest in the property. Although Mrs. Stevens was of the opinion that no such interest existed, she agreed to transfer her "share" to Mr. Stevens as part of the divorce settlement. Accordingly, the divorce court concluded, with respect to this property, that Mr. Stevens should receive "Any interest in the real property in which the plaintiff is presently residing; which the plaintiff will transfer to the defendant by quit claim deed," and it decreed an award of this interest.

Pursuant to this decree, Mrs. Stevens executed a form quitclaim deed containing the following language:

The Grantor EDNA STEVENS
For and in consideration of divorce settlement conveys and quitclaims to WARREN M. STEVENS, her husband, the following described real estate, situated in the County of Clallam, State of Washington, *including any interest therein which grantor may hereafter acquire:*
Suburban lot 58 in the Townsite of Port Angeles, EXCEPT railroad right of way and portion thereof lying southerly thereof.
[Note: The grantor does not by this instrument declare or imply that the parties in fact possess any interest in the above-described property.]

(Italics ours.)

Mrs. Stevens continued to reside with the parties' children on these premises. About 7 months after the divorce,

and because she had received a sum of money in settlement of a workmen's compensation claim, she approached Mr. Flores with a view toward purchasing the property. He sold it to her on contract for $6,800. After spending several thousand dollars on improvements, Mrs. Stevens resold the property for $21,500 in November of 1972.

At no time during this period, until the present controversy arose, did Mr. Stevens record his deed or assert any interest in the property, although he knew of the purchase, the improvements, and the resale.

On January 29, 1973, an order to show cause was directed to Mr. Stevens on the motion of Mrs. Stevens, alleging failure to support the children as provided in the decree of divorce. At that point, Mr. Stevens recorded the deed and interposed a counterclaim for the balance due Mrs. Stevens on her resale contract. The theory he advanced at trial, and urges here, is that the interest Mrs. Stevens acquired by the purchase from Mr. Flores subsequent to the divorce inured to him by virtue of the after-acquired interest clause of the quitclaim deed.

In her reply, Mrs. Stevens prayed for reformation of the deed to strike that clause on the ground that neither party to the instrument had intended its inclusion. At the conclusion of trial, the court entered a judgment declaring Mr. Stevens to be without any interest in the property by virtue of the quitclaim deed. However, the court declined to reform the deed by striking the controversial clause. We affirm the judgment, but for the reasons hereinafter set forth, we are of the opinion that reformation is the proper remedy.

■ The law is clear in this state that, absent language specifically so providing, a quitclaim deed does not operate to convey after-acquired title. RCW 64.04.050; *Brenner v. J.J. Brenner Oyster Co.*, 48 Wn.2d 264, 292 P.2d 1052 (1956) (*aff'd* on rehearing, 50 Wn.2d 869, 314 P.2d 417 (1957)). It necessarily follows that a clause in a quitclaim deed expressing an intention to convey after-acquired interests will have the effect of passing such interests to the

grantee. RCW 64.04.070; *Brenner v. J.J. Brenner Oyster Co., supra.*

The trial court in this case was of the opinion that such a clause operates only to pass those after-acquired interests traceable to inchoate rights or expectancies which existed at the time of the giving of the deed and which mature thereafter, or to such perfection of interest as the removal of preexisting encumbrances. Accordingly, the trial court concluded that title subsequently acquired in an independent purchase transaction would not pass to the grantee under the clause.

This is an erroneous conclusion. Where an instrument has the effect of conveying after-acquired title, the general rule is that it will do so *irrespective* of how the subsequent title is acquired. R. Patton, *Land Titles* § 215 (2d ed. 1957); 3 *American Law of Property* § 15.21 (1952).[1]

However, based upon the record and the findings of the trial court, we conclude as a matter of law that reformation is the proper remedy, and that accordingly Mrs. Stevens' prayer to strike the clause should have been granted.

■■■ It is clear from the undisputed testimony of both parties that a transfer of whatever *present* interest they had in the property was all that they intended at the time the deed was executed, and the trial court so found.[2] Where the intention of the parties to a transaction is the same, and the written instrument does not express that intention, a

---

[1] This rule is subject to a necessary exception in the case of title acquired from the grantee or those claiming under him. R. Patton, *Land Titles* § 220 (2d ed. 1957); 3 *American Law of Property* § 15.21 (1952). This exception eliminates the dilemma posed by the trial court in its memorandum decision: "If the court were to conclude otherwise it would never be possible to acquire the same property twice if at some time prior to the second acquisition a quit claim deed with an after acquired property clause had been given."

[2] Mr. Stevens testified in part as follows:

"Then at the time of the divorce you asked for whatever interest you and Edna might have in the house?

"Yes.

"And it was for whatever interest you had *at that time*?

"Yes."

(Italics ours.)

mutual mistake warranting reformation has occurred. *Cogshall v. Jones,* 107 Wash. 140, 180 P. 898 (1919); *Bergstrom v. Olson,* 39 Wn.2d 536, 236 P.2d 1052 (1951); *Tenco, Inc. v. Manning,* 59 Wn.2d 479, 368 P.2d 372 (1962). Where through such mutual mistake the deed purports to convey a greater interest than that intended, it may be reformed to reflect the true intentions of the parties. *Tenco, Inc. v. Manning, supra.*

■ There is an additional basis for reformation in this case. The transfer was made pursuant to the ruling of the divorce court, which specified that it should be by quitclaim deed, but did not require the inclusion of an after-acquired property clause. Since the transfer was directed by the decree, it can be said that the terms of the decree subsume the intentions of the parties. *United Benefit Life Ins. Co. v. Price,* 46 Wn.2d 587, 283 P.2d 119 (1955). In this connection, it is significant that Mr. Stevens called upon the divorce court to determine the effect to be given to language in a deed given pursuant to its decree. Given the evidence of the circumstances and intentions of the parties at the time of the decree, it was certainly within the province of the court to determine that it was not the intent of the decree to transfer after-acquired title. *See Hill v. Hill,* 3 Wn. App. 783, 477 P.2d 931 (1970). We believe that in such a case reformation to properly effectuate the terms of the decree is appropriate.

■ The trial court in its judgment effectively quieted title in Mrs. Stevens as against Mr. Stevens. Although the judgment was based upon a theory which we deem inappropriate, if it can be sustained upon any ground it will be upheld. *Tenco, Inc. v. Manning, supra.* Accordingly, the judgment is affirmed.

PETRIE and ARMSTRONG, JJ., concur.