[No. 5615–1.   Division One.   July 3, 1978.]

THE STATE OF WASHINGTON, *Appellant*, v. DEBORAH SUZANNE DOUTY, ET AL, *Respondents*.

*Christopher T. Bayley, Prosecuting Attorney,* and *Corydon J. Nelsen* and *Joan Du Buque, Deputies,* for appellant.

*Reed, McClure, Moceri & Thonn, P.S., William R. Hickman,* and *Ron J. Perey,* for respondents.

*Terry Husseman* on behalf of Prosecuting Attorneys Association, amicus curiae.

SWANSON, J.—The State of Washington appeals the dismissal of a paternity suit filed under the Uniform Parentage Act, against respondent Larry Richard Rocz,

contending that the trial court erred in holding such an action barred by the statute of limitations of the now–repealed Filiation Proceedings Act. We agree and remand for trial.

In February of 1977, the State filed a petition seeking a determination of paternity and support pursuant to RCW 26.26, the Uniform Parentage Act, alleging that Larry Richard Rocz is the father of Quinn Douty, born to Deborah Suzanne Douty on July 9, 1970. Rocz' answer admitted the birth of the child on the date alleged but denied parentage.

In a motion for summary judgment Rocz pleaded the applicability of the statute of limitations of the filiation statute which provided:

> No prosecution under this chapter shall be brought after two years from the birth of the child: *Provided,* The time during which any person accused shall be absent from the state shall not be computed.

RCW 26.24.160. The trial court observed that the Uniform Parentage Act, which repealed the filiation statute (Laws of 1976, 2d Ex. Sess., ch. 42, p. 169), did not become effective until June 25, 1976, and concluded:

> [T]he two year statute of limitations found in RCW 26.24.160 elapsed prior to the commencement of this action and the cause of action against Larry Richard Rocz cannot be revived by the enactment of the Uniform Parentage Act.

We believe this to be error. Although a preponderance of authority appears to support the view that "a statute may not apply retroactively to revive a cause of action already barred by the statute of limitations,"[1] that rule does not apply in the instant situation. The error inherent in Rocz' argument and in the conclusion of the trial court lies in the fact that the cause of action barred by the statute of limitations of the filiation statute and that brought by the State herein are not equivalent.

---

[1] J. Sutherland, *Statutes and Statutory Construction* § 41.09 (4th ed. 1973). *See also* 51 Am. Jur. 2d *Limitation of Actions* § 44 (1970); *Seattle v. de Wolfe,* 17

■ The filiation statute established grounds for complaint *only* for an unmarried woman, her father, mother, or guardian.

> When an unmarried woman shall be pregnant or delivered of a child which shall not be the issue of lawful wedlock, complaint may be made in writing *by said unmarried woman, her father, mother or guardian,* to any justice of the peace in the county of which she has been a resident for thirty days last past and where she may be so pregnant or delivered, or where the person accused may be found, accusing, under oath, a person with being the father of such child, and it shall be the duty of such justice forthwith to issue a warrant against the person so accused and cause him to be brought forthwith before such justice.

(Italics ours.) RCW 26.24.010. Upon the filing of such a complaint, the responsibility of prosecution fell to the county prosecuting attorney who acted in the name of the State, RCW 26.24.030, but the real parties in interest were the complainant mother and the child. *State v. Casey,* 7 Wn. App. 923, 503 P.2d 1123 (1972). The State had no independent right to bring an action under the filiation statute.

■ Further, Rocz cannot claim that the running of the statute of limitations of the filiation statute vested in him a right to be free from litigation concerning alleged parenthood. "A parent's obligation for the care and support of his or her child is a basic tenet recognized in this state without reference to any particular statute." *State v. Wood,* 89

---

Wash. 349, 49 P. 553 (1897); *Green v. Karol,* ___ Ind. App. ___, 344 N.E.2d 106, 112 (1976) (see cases cited therein). *Contra, Herr v. Schwager,* 145 Wash. 101, 258 P. 1039 (1927); *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 311, 89 L. Ed. 1628, 65 S. Ct. 1137 (1945), *rehearing denied,* 325 U.S. 896, 89 L. Ed. 2006, 65 S. Ct. 1561 (1945) (wherein the court reiterated the concept first articulated in *Campbell v. Holt,* 115 U.S. 620, 29 L. Ed. 483, 6 S. Ct. 209 (1885) that "where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar").

Wn.2d 97, 100, 569 P.2d 1148 (1977). Even were the filiation statute still the law, the court in *State v. Russell,* 68 Wn.2d 748, 752, 415 P.2d 503 (1966), held

> [F]iliation proceedings are not the only method by which a putative unmarried father may be made responsible for the support of his children. This may be proven in every cause where pertinent regardless of the existence of the filiation statutes.

This court, in *Kaur v. Singh Chawla,* 11 Wn. App. 362, 365–66, 522 P.2d 1198 (1974), while holding that an illegitimate child has an enforceable civil right to support, summarized the limited application of the filiation statute to the parental obligation of support:

> In *State v. Bowen,* 80 Wn.2d 808, 498 P.2d 877 (1972), it is recognized that the filiation statute was designed to encourage an early determination of paternity. . . . But an intent to induce the mother to institute an early determination of paternity is *not* an intent to proscribe any later determination. As *Bowen* stated on page 811, the duty to support an illegitimate child
>> does not expire at the end of the second year of a child's life simply because his mother has failed to bring an action to establish the identity of his father.
> *Bowen* concluded on page 811 that the 2–year statute
>> does not signify a legislative intent that a putative father should escape liability for child support if a filiation proceeding is not instituted within the 2–year period, inasmuch as there is no similar limitation upon the time within which the prosecutor can bring an action to enforce support under RCW 26.20 [criminal nonsupport].
> We read in the 2–year limitation of RCW 26.24.160 no indication of a legislative intent that filiation be the exclusive *civil* remedy of an illegitimate child.
>
> . . .
>
> The right of an illegitimate child to assert a claim for parental support is too fundamental to permit its forfeiture by its mother's failure to timely institute a filiation proceeding.

■ Thus, the running of the 2–year statute of limitations of the filiation statute has no bearing on the State's

efforts to determine paternity and concomitant support obligations pursuant to the Uniform Parentage Act.

Despite its erroneous reasoning, however, the trial court's ruling will be sustained if it is correct upon any ground. *Stevens v. Stevens,* 10 Wn. App. 493, 497, 519 P.2d 269 (1974). Rocz argues that the Uniform Parentage Act provides a number of statutes of limitation, any of which will bar the instant action.

The Uniform Parentage Act, as enacted in this state, speaks to a determination of the existence of a "parent and child relationship"[2] in a number of overlapping provisions. When there is a presumption of paternity (*see* RCW 26.26-.040) the child, his natural mother, or the man presumed to be the father may bring suit "*at any time* for the purpose of declaring the existence of the father and child relationship presumed . . ." (Italics ours.) RCW 26.26.060(1)(a). Of a more comprehensive nature is the subsequent section which provides:

> Any interested party or the department of social and health services or the *state of Washington* may bring an action *at any time* for the purpose of determining the existence or nonexistence of the father and child relationship.

(Italics ours.) RCW 26.26.060(2). This section clearly permits the State to attempt to ascertain paternity at any time. A later section, however, urges prompt action by the State in particular situations.

> If a child has no presumed father under RCW 26.26.040 and the action to determine the existence of the father and child relationship has not been brought and proceedings to adopt the child have not been instituted within one year after the child's birth, an action to determine the existence of the relationship *may be*

---

[2]RCW 26.26.010 defines a "parent and child relationship" to be "the legal relationship existing between a child and his natural or adoptive parents incident to which the law confers or imposes rights, privileges, duties, and obligations. It includes the mother and child relationship and the father and child relationship." Marital status of the parents is immaterial to the relationship.

*brought promptly on behalf of the child* by the depart-
ment of social and health services or the state of
Washington.

(Italics ours.) RCW 26.26.060(4).[3]

We evaluate these provisions taking cognizance of
the general rules of statutory construction. Our primary
objective is to ascertain and carry out the intent of the leg-
islature. *Dominick v. Christensen,* 87 Wn.2d 25, 26, 548
P.2d 541 (1976); *Anderson v. O'Brien,* 84 Wn.2d 64, 67, 524
P.2d 390 (1974). Further, a statute should be construed to
render it purposeful and effective rather than futile and
meaningless. *Steele v. State,* 85 Wn.2d 585, 590, 537 P.2d
782 (1975); *Davis v. Washington Toll Bridge Authority,* 57
Wn.2d 428, 439, 357 P.2d 710 (1960). Thus, we must
attempt to construe the statute such that no provisions are
superfluous, void, or insignificant. *Hayes v. Yount,* 87
Wn.2d 280, 290, 552 P.2d 1038 (1976); *Smith v. Greene,* 86
Wn.2d 363, 371, 545 P.2d 550 (1976). But where provisions
conflict, that which is more clearly expressed should con-
trol. *State ex rel. Adjustment Dep't of Olympia Credit
Bureau, Inc. v. Ayer,* 9 Wn.2d 188, 194, 114 P.2d 168

---

[3]Some explanation of the overlap apparent among these three sections may be
found in the Uniform Parentage Act as approved by the National Conference of
Commissioners on Uniform State Laws in 1973. That model act limited what is
now RCW 26.26.060(2) (permitting an action at any time to determine paternity)
to presumed paternity situations. *See* Uniform Parentage Act, U.L.A. § 6(b), at
452 (Supp. 1974–1977). Further, RCW 26.26.060(4), which speaks to prompt pro-
ceedings on behalf of the child at the option of the State, was originally a manda-
tory provision designed to protect against problems of proof and "to provide every
infant with the means to exercise his rights, rather than leave his fortunes to the
whim of his mother or the views of the social worker . . ." Uniform Parentage
Act, U.L.A. § 7 (Supp. 1974–1977), Commissioners' Comment at 454. The section
was deleted from the final draft. The final draft did, however, contain a 3–year
statute of limitations for actions against an individual not presumed to be a father
(unless the action was by or on the behalf of the child, in which case the limita-
tion was tolled until the child reached majority).

Thus, the Washington legislature altered the uniform act by eliminating both
the general statute of limitations and mandatory state action in particular situa-
tions. Most importantly, the legislature created an all–inclusive provision allowing
the State to determine the existence or nonexistence of paternity at any time.
RCW 26.26.060(2).

(1941); *Williams v. Pierce County,* 13 Wn. App. 755, 758, 537 P.2d 856 (1975). Finally, the spirit or purpose of legislation should prevail over expressed but inept language. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973); *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 321, 382 P.2d 639 (1963).

■ Therefore, in construing RCW 26.26 as a whole in an effort to ascertain both the purpose and the spirit of the statute, we believe the legislature intended that the State and any other "interested party" might bring an action "at any time for the purpose of determining the existence or nonexistence of the father and child relationship." RCW 26.26.060(2). Other language urging promptness admonishes but does not control.

Rocz suggests, however, that this does not resolve the question of a statute of limitations regarding support obligations of a *nonpresumed parent,*[4] for the Washington act includes the following:

> No action may be brought by the department of social and health services to establish the duty of someone who is not a presumed parent under RCW 26.26.040 to support a child after five years (a) from the date of the child's birth, or (b) from any date the alleged parent ceases to contribute to the care, education, and support of the child, as required by chapter 26.20 RCW, whichever is later: . . .

RCW 26.26.060(7). This section appears to differentiate between an action taken to establish the father and child relationship (just discussed) and one to "establish the duty . . . to support a child." Yet a later section reads:

> The judgment and order of the court determining the existence or nonexistence of the parent and child relationship is determinative *for all purposes.*

(Italics ours.) RCW 26.26.130(1). Such a judgment and order may relate to support obligations. RCW 26.26.130(3). *See also* RCW 26.26.150. Because the act permits an action

---

[4]By an affidavit submitted with his answer, Rocz avers that he is not a presumed parent pursuant to RCW 26.26.040.

to establish the father and child relationship to be brought at any time, RCW 26.26.060(2), and because that action may encompass a determination of support obligations, RCW 26.26.130(1), (3), it is internally inconsistent to impose a 5-year statute of limitations in particular situations for actions undertaken "to establish the duty . . . to support a child." A duty of support exists once paternity is determined. *Kaur v. Singh Chawla,* 11 Wn. App. 363, 522 P.2d 1198 (1974). In other words, determination of the existence of a support obligation coincides with determination of the existence of the father and child relationship, which may be at any time.

Mindful of the rules of the statutory construction recited earlier, we believe RCW 26.26.060(7) can serve logically as a statute of limitations only when one reads it to apply to actions brought to establish *and enforce* support obligations. Thus, the Department of Social and Health Services may bring an action to establish paternity at any time (consistent with RCW 26.26.060(2)), but may not attempt to enforce support obligations of a nonpresumed parent beyond the time limits of RCW 26.26.060(7).

This section of the act, however, omits mention of *the State* as a party, contrary to the general pattern evidenced throughout the statute. The rule expressio unius est exclusio alterius arguably bars a reading of RCW 26.26.060(7) that includes the State, but that rule serves only to aid in ascertaining legislative intent. *Swanson v. White,* 83 Wn.2d 175, 517 P.2d 959 (1973). However, legislative intent must be found first in the words of the statute itself if possible. *Schneider v. Forcier,* 67 Wn.2d 161, 406 P.2d 935 (1965). The language of RCW 26.26.060(7) is plain upon its face. It applies only to the Department of Social and Health Services and excepts mention of the State. It must be presumed that the legislature intended that the Department of Social and Health Services only be barred from bringing an action to enforce support obligations after 5 years or more from the date of the child's birth.

Our reading of the applicable legislation therefore leads us to conclude that the State is not limited by RCW 26.26.060(7) and may pursue its action pursuant to the provisions of the Uniform Parentage Act. Such an interpretation is consistent with a subsequent provision, RCW 26.26.130(4) which specifically authorizes the State to recover past support where the State is not a party to an action initiated pursuant to the act.[5]

The judgment is reversed, and the case remanded for trial.[6]

JAMES and RINGOLD, JJ., concur.

Reconsideration denied October 17, 1978.

Review granted by Supreme Court February 16, 1979.

---

[5] "Support judgment and orders shall be for periodic payments which may vary in amount. The court may limit the father's liability for the past support to the child to the proportion of the expenses already incurred as the court deems just: *Provided however*, That the court shall not limit or affect in any manner the right of nonparties including the state of Washington to seek reimbursement for support and other services previously furnished to the child." RCW 26.26.130(4).

[6] Our review of the record fails to disclose compliance with the provisions of RCW 26.26.090 regarding representation of the child by a guardian or guardian ad litem.